■ EVERGREEN BANK, Formerly Known as THE PEOPLES COMMERCIAL BANK, Appellant, v D & P JUSTIN'S, INC., et al., Respondents, et al., Defendants.—Mercure, J. Appeal from that part of an order and judgment of the Supreme Court (Conway, J.), entered December 13, 1988 in Albany County, which denied plaintiff's motion for a deficiency judgment and granted the cross motion of defendants D & P Justin's, Inc. and Joseph C. Palma for a surplus money judgment.

In October 1985, defendant D & P Justin's, Inc. (hereinafter Justin) borrowed $300,000 from plaintiff in exchange for its promissory note in that amount. The note was guaranteed by Justin's principal, defendant Joseph Palma, and secured by a mortgage on parcels of real property owned by Palma in Albany County (hereinafter parcel I) and by defendant Josephine Palma in Saratoga County (hereinafter parcel II). The mortgage provided that the note was secured by parcel II only to the extent of $125,000 or the balance of the indebtedness, whichever is less. Following Justin's default, plaintiff brought an action to foreclose its mortgage and obtained a judgment of foreclosure and sale fixing the amount due at $324,681.99 and directing the sale of parcel I and, if the proceeds of that sale were insufficient to pay the full mortgage debt, then the sale of parcel II. Parcel I was sold to plaintiff at a foreclosure sale for $100,000. On the eve of the scheduled sale of parcel II, Josephine Palma redeemed that property by paying plaintiff the $125,000 which it secured and, in addition, a proportionate share of interest, costs, disbursements and counsel fees in the amount of $5,001.52.

Plaintiff then moved to confirm the Referee's report of sale and, asserting that the fair market value of parcel I was $190,000, the value stated in the 1985 loan appraisal, sought a deficiency judgment in the amount of $21,770.64. Joseph Palma and Justin (hereinafter collectively referred to as defendants) submitted an appraisal fixing the value of the property at $246,000 as of March 11, 1988, the date of the foreclosure sale, and cross-moved for an order directing the payment to them of surplus funds in the amount of $34,577.98. Supreme Court determined that defendants' 1988 appraisal constituted the sole competent evidence of value and fixed the

fair market value of parcel I at $246,000. Accordingly, it granted plaintiff's motion to confirm the Referee's report of sale, denied plaintiff's motion for a deficiency judgment and, on the cross motion, granted defendants judgment against plaintiff for surplus funds received in the amount of $34,577.98, plus interest. Plaintiff appeals.

Initially, we reject plaintiff's contention that Supreme Court erred in fixing the value of parcel I without first conducting a hearing. RPAPL 1371 (2) provides that Supreme Court "shall determine, *upon affidavit or otherwise as it shall direct,* the fair and reasonable market value of the mortgaged premises" (emphasis supplied). Here, plaintiff offered no evidence of the value of parcel I on its motion for a deficiency judgment and, when confronted with defendants' detailed appraisal, came forward with nothing but its officer's hearsay affidavit. In the absence of conflicting evidence, no factual issue arose and Supreme Court was entitled to adopt the value asserted by defendants' appraisal *(see, Turner v Meierdiercks,* 106 AD2d 445; 2A Warren's Weed, New York Real Property, Foreclosure of Mortgage, § 17.16 [4th ed]; *cf., Central Hanover Bank & Trust Co. v Eisner,* 276 NY 121; *New York Life Ins. Co. v Guttag Corp.,* 265 NY 292; *Broward Natl. Bank v Starzec,* 30 AD2d 603). The contention that defendants' appraiser improperly predicated his opinion of value upon a highest and best use which could not be implemented absent a zoning variance is also rejected. Even if this objection had been timely raised, it would have gone only to the weight, not the admissibility, of the evidence of value *(see, supra,* at 604). In our view, Supreme Court properly denied plaintiff's motion for a deficiency judgment.

Nonetheless, we do agree with plaintiff's contention that Supreme Court erred in granting defendants a surplus money judgment. The "surplus moneys" which are the subject of RPAPL 1361 are those funds comprising actual proceeds of a foreclosure sale remaining in the hands of the Referee to sell after payment of the expenses of the sale, the amount of the debt, interest and costs and, where applicable, taxes, assessments and water rates which are liens upon the property (RPAPL 1354 [2]) and the amount due on any subordinate mortgages (RPAPL 1354 [3]; *see,* RPAPL 1354 [5]). There was no foreclosure sale of parcel II, and no proceeds were realized from the sale of parcel I since plaintiff was the high bidder. Where no funds come into the hands of the Referee, there is no surplus to distribute under RPAPL 1361, regardless of whether the value of the property sold is shown to exceed the

sums due the mortgagee. As properly contended by plaintiff, Supreme Court has mistakenly employed the fair and reasonable market value rule, available as a shield for the protection of the mortgagor under RPAPL 1371 (2) where the premises are sold for less than market value, as a sword in this surplus money proceeding so as to create surplus moneys when none in fact exist. Had defendants felt the sale price of parcel I to be inadequate, their remedy was to move to set aside the sale *(see, e.g., Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400). Finally, we see nothing in the parties' May 19, 1988 stipulation which compels a contrary result.

Order and judgment modified, on the law, without costs, by reversing so much thereof as granted defendants' cross motion; cross motion denied; and, as so modified, affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.