■ In the Matter of GLENGARIFF HEALTH CARE CENTER, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH, Respondent. [613 NYS2d 260] —In a proceeding pursuant to CPLR article 78 to review a Residential Health Care Facility profile prepared by the New York State Department of Health, the petitioner appeals from a judgment of the Supreme Court, Nassau County (DiNoto, J.), dated June 22, 1992, which denied its motion for a judicial hearing and granted the Department of Health's cross motion to dismiss the petition.

Ordered that the judgment is reversed, with costs, and the

matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The requirement of injury in fact in determining whether a petitioner has standing to bring a proceeding demands that the petitioning party "must have a legally cognizable interest that is or will be affected by the * * * determination" *(Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406, 413; *see, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428, 433). A showing of special damage or injury is not always necessary, however, because in some instances the party's particular relationship to the subject of the proceeding gives rise to a presumption of standing *(see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, supra,* at 413; *see, Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524, 527-528). Thus, "the immediate parties to an administrative proceeding are aggrieved persons who may seek judicial review" *(Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, supra,* at 413). Here, as an immediate party to the administrative proceeding, the petitioner is an aggrieved party who may seek judicial review, and thus, contrary to the finding of the Supreme Court, it has standing to bring this proceeding.

Similarly, the court has jurisdiction to hear the proceeding in this matter. "The concept of finality requires an examination of the completeness of the administrative action and a pragmatic evaluation of whether the 'decision-maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury'" *(Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 519, *cert denied* 479 US 985, quoting *Williamson County Regional Planning Commn. v Hamilton Bank,* 473 US 172, 193). Here, the Department of Health's regulations provided no mechanism for administrative review of the particular claims raised by the petitioner, i.e. that the factual bases of certain findings in the Residential Health Care Facility Survey Profile were erroneous. We note that 10 NYCRR 413.3 provides an appeal process to challenge the "accuracy of the survey profile summary" but that such appeal "shall be limited to whether such summary accurately reflects the findings set forth in the statement of deficiencies" (10 NYCRR 413.3 [a]). The appeal procedure does not allow the facility to challenge the facts upon which the statement of deficiencies is based. Since, in the instant case the petitioner had exhausted his administrative remedies, the Department of Health's determination was final *(see, Matter of Cauldwest Realty Corp. v City of New York,* 160 AD2d 489, 490-491).

We have considered the argument of the Department of Health that to allow this proceeding will invite excessive litigation. Nothing in this decision prevents the Department of Health from instituting appropriate administrative review procedures to avoid this type of litigation. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.