■ In the Matter of BERTA HEIDRICK, Appellant, v BRIAN J. WING, as Acting Commissioner of New York State Department of Social Services, et al., Respondents. [688 NYS2d 340] —Judgment unanimously reversed on the law with costs and petition granted. Memorandum: Petitioner commenced this CPLR article 78 proceeding to annul the determination, made after a fair hearing, terminating Emergency Assistance to Families (EAF) benefits paid on behalf of petitioner to a domestic violence shelter, and to restore such benefits. Petitioner appeals from a judgment dismissing the petition for lack of standing "without prejudice to the petitioner's reinstating this matter should she be able to show harm from these sets of circumstances."

We conclude that petitioner has standing to maintain the proceeding because the payments made to the shelter were part of petitioner's public assistance benefits (*cf., Matter of Claudio v Dowling*, 89 NY2d 567, 575, citing 18 NYCRR 358-3.1 [a], [b]). They were paid to the shelter on behalf of petitioner pursuant to Social Services Law § 350-j (former [3]), which provided for emergency assistance "to" needy families, but which required that such assistance be in the form of "vendor restricted payments" (i.e., vouchers), not "cash grants". Further, the intake agreement between the shelter and petitioner and the model agreement between respondents and the shelter both made clear that petitioner was the applicant for and recipient of the benefits. Proper characterization of the benefits leads to the conclusion that petitioner has standing to contest the determination to terminate such benefits (*cf., Matter of Claudio v Dowling, supra*, at 574-576).

Respondents' contention to the contrary is undercut by the fact that respondents gave notice of termination to petitioner, not to the shelter, and accorded petitioner, and not the shelter, the right to challenge the determination at a fair hearing. "The fact that a person received, or would be entitled to receive, mandatory notice of an administrative hearing * * * gives rise to a presumption of standing" (*Matter of Sun-Brite Car Wash v Board of Zoning & Appeals*, 69 NY2d 406, 413-414). Further, "the immediate parties to an administrative proceeding are aggrieved persons who may seek judicial review" (*Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, supra*, at 413; *see, Matter of Glengariff Health Care Ctr. v New York State Dept. of Health*, 205 AD2d 626, 627).

We conclude that the determination is not supported by substantial evidence (*see generally, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181-182). The evi-

dence compels the conclusion that petitioner did not fail to accept suitable permanent housing, but was unable to find such housing. We therefore reverse the judgment and grant the petition. (Appeal from Judgment of Supreme Court, Steuben County, Scudder, J.—CPLR art 78.) Present—Denman, P. J., Green, Pigott, Jr., and Callahan, JJ.