██ RTC MORTGAGE TRUST 1995-S/N1, Plaintiff, v R&C GENERAL CONTRACTORS CORP. et al., Respondents, et al., Defendants. B. MITCHELL ALTER, Nonparty Appellant. [835 NYS2d 581]—

In an action to foreclose a mortgage on real property, the nonparty receiver, B. Mitchell Alter, appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated July 15, 2005, which granted the motion of the defendants R&C General Contractors Corp., Carmine Gargano, and Rose Gargano to resettle and modify a prior resettled order of the same court dated May 1, 2003.

Ordered that the order is reversed, on the law, with costs, and the motion to resettle and modify the prior resettled order is denied.

Once the plaintiff's motion for a deficiency judgment was denied (see *RTC Mtge. Trust 1995-S/N1 v R&C Gen. Contrs. Corp.*, 299 AD2d 469 [2002]), the respondents no longer had any interest in the amount of funds remaining in the receiver's account (see RPAPL 1371 [3]). Since the respondents had no "legally cognizable interest," they had no standing to bring the underlying motion (see *Matter of Glengariff Health Care Ctr. v New York State Dept. of Health,* 205 AD2d 626, 627 [1994]).

We note that, as the proceeds from the foreclosure sale were insufficient to pay off the mortgage debt, there was no "surplus" for the purposes of RPAPL 1361 (see *Bank of N.Y. v Goodfriend,* 247 AD2d 420 [1998]; *Evergreen Bank v D & P Justin's, Inc.,* 152 AD2d 898, 899 [1989]). Accordingly, there was no money for the receiver to pay into court (see RPAPL 1354 [4]), and no reason for a hearing to be held to determine the "disposition of surplus money" (RPAPL 1361 [3]). Mastro, J.P., Krausman, Florio and Balkin, JJ., concur.