Bank of N.Y. Mellon v Bellantoni (2019 NY Slip Op 03558)





Bank of N.Y. Mellon v Bellantoni


2019 NY Slip Op 03558


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-02213
 (Index No. 55304/14)

[*1]Bank of New York Mellon, etc., appellant, 
v
Amerigo Vincent Bellantoni, et al., defendants, USAlliance Federal Credit Union, respondent.


Akerman LLP, New York, NY (Jordan M. Smith and Kathleen R. Fitzpatrick of counsel), for appellant.
Rogers, Habas, Verrilli & Eisen, P.C., Orangeburg, NY (Patricia Habas and Cohn, Lifland, Pearlman, Herrmann & Knopf LLP [Richard A. Schnoll, Mercedes Diego, and Alex A. Pisarevsky], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated January 13, 2017. The order granted the motion of the defendant USAlliance Federal Credit Union to compel the plaintiff to pay it surplus moneys in the sum of $49,143.46.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant USAlliance Federal Credit Union to compel the plaintiff to pay it surplus moneys in the sum of $49,143.46 is denied.
The Supreme Court should have denied the motion of the defendant USAlliance Federal Credit Union, a junior lienholder and winning bidder at a foreclosure sale, to compel the plaintiff to pay it surplus moneys in accordance with RPAPL 1361. "The surplus moneys' which are the subject of RPAPL 1361 are those funds comprising actual proceeds of a foreclosure sale remaining in the hands of the Referee to sell after payment of the expenses of the sale, the amount of the debt, interest and costs and, where applicable, taxes, assessments and water rates which are liens upon the property (RPAPL 1354[2]) and the amount due on any subordinate mortgages (RPAPL 1354[3])" (Evergreen Bank v D & P Justin's, Inc., 152 AD2d 898, 899). Here, the plaintiff's submissions established that the proceeds of the foreclosure sale were insufficient to pay off the subject mortgage debt, interest, and costs (see RPAPL 1354[1]). Thus, the foreclosure sale generated no surplus moneys for the purposes of RPAPL 1361 for the Referee to pay into court (see RPAPL 1354[4]; RTC Mtge. Trust 1995-S/N1 v R & C Gen. Contrs. Corp., 38 AD3d 639; Bank of N.Y. v Goodfriend, 247 AD2d 420; Evergreen Bank v D & P Justin's, Inc., 152 AD2d at 898).
Accordingly, the Supreme Court's order directing the payment by the plaintiff of non-existent surplus moneys to USAlliance Federal Credit Union should be reversed (see RPAPL 1354, 1361[2]).
MASTRO, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court