■ MAX GONSENHAUSER, Respondent, v CENTRAL TRUST COMPANY, Appellant.—Order and judgment unanimously reversed, with costs, and motion to dismiss defendant's affirmative defense and counterclaim denied. Memorandum: Defendant appeals from an order and judgment which dismissed its affirmative defense and counterclaim for failure to state a defense and counterclaim, denied leave to replead, and granted partial summary judgment to plaintiff. Plaintiff sued to recover $11,983.33 which he alleges defendant improperly seized from funds deposited to his credit. Defendant pleaded an affirmative defense in which it alleged that the money claimed by plaintiff was charged to two of his accounts with the bank pursuant to his depositor's contract and in partial satisfaction of a debt owed by plaintiff to defendant. The counterclaim sought the balance due. The debt was founded upon an agreement delivered to the bank, whereby plaintiff agreed to indemnify defendant for 50% of any loss sustained by it as the result of mortgage loans made to parties named Martens which resulted in foreclosure and sale of the security. Defendant alleged default on the mortgage, foreclosure by the first mortgagee, defendant's purchase of the property at the foreclosure sale and its subsequent resale of the property at a loss. The sale allegedly resulted in liability on the part of plaintiff under his guaranty to defendant in the amount of $33,039.62. After the jury had been drawn, plaintiff orally moved to dismiss the affirmative defense and counterclaim, claiming that by failing to foreclose its mortgage and obtain a deficiency judgment defendant had not met a condition precedent of the guarantee. The court granted the motion, denied defendant leave to replead and granted partial summary judgment for $11,983.33, the amount charged to plaintiff's bank accounts, plus interest. The parties agree that the guarantee is one of collection only. Therefore, a condition of foreclosure and sale would be a condition precedent (see generally, 5 Williston, Contracts [3d ed], § 666A). However, a party is not required to plead performance of a condition precedent (CPLR 3015) and, since plaintiff presented his motion as one for failure to state a cause of action under CPLR 3211 and submitted no affidavits or evidentiary documents in support of it, the inquiry of the court was limited to the allegations of the pleadings *(Williams v Williams,* 23 NY2d 592, 595–596; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.44, p 32-121). Defendant's affirmative defense and counterclaim stated a cause of action. The judgment is reversed and the motion denied. Under CPLR 3015, of course, plaintiff may place in issue performance of the condition and defendant will have the burden of proof on the point. It apparently is impossible for defendant to foreclose its mortgage now, however. If defendant was a party defendant to the foreclosure action, as required by subdivision 3 of section 1311 of the Real Property Actions and Proceedings Law, its mortgage has been extinguished (see 15 Carmody-Wait 2d, NY Practice,

§§ 92:306, 92:309). The question remaining is whether a defendant junior mortgagee is required to maintain a deficiency judgment action for the balance of the mortgage debt. While a junior mortgagee may be permitted to follow the statutory procedure to assess the deficiency, we see nothing in section 1371 of the Real Property Actions and Proceedings Law that requires a defendant to follow that course. Proof of the deficiency, if any, and the resulting liability to plaintiff may be established as a defense in this action. If performance of the condition is placed in issue, the court will be obliged to construe the language of the guarantee to determine the intention of the parties and whether the condition to performance has been satisfied or has disappeared by reason of the foreclosure of a prior mortgage. It is impossible for this court to do so upon the record we have before us. Finally, plaintiff contends that defendant is foreclosed from maintaining this action by the provisions of subdivision 3 of section 1301 of the Real Property Actions and Proceedings Law, since defendant initiated a foreclosure action and then abandoned it when the senior mortgagee commenced foreclosure. If defendant's action is still pending, then defendant should comply with the statute and replead to allege such compliance. Evidence of its prior foreclosure action does not appear in these pleadings, however, and the trial court's dismissal cannot be upheld on this ground. (Appeal from order and judgment of Monroe Supreme Court in action to recover bank accounts.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.