GENERAL FIBRE BOX COMPANY, Plaintiff, v McMANUS, LONGE, BROCKWEHL, INC., Defendant and Third-Party Plaintiff-Appellant. COLUMBIA CORNICE COMPANY et al., Third-Party Defendant; LEO E. WOLF, Third-Party Defendant-Respondent.

Third Department, December 9, 1982

APPEARANCES OF COUNSEL

*Tobin & Demp* (*Charles J. Tobin, III,* of counsel), for defendant and third-party plaintiff-appellant.

*Tabner, Carlson, Farrell & Cholakis* (*Edward M. Scher* of counsel), for third-party defendant-respondent.

OPINION OF THE COURT

MIKOLL, J.

Plaintiff, General Fibre Box Company (General Fibre) and defendant and third-party plaintiff-appellant McManus, Longe, Brockwehl, Inc. (McManus) entered into a written contract on April 29, 1966 in which McManus agreed to act as general contractor for the construction of a

warehouse for General Fibre in Amsterdam, New York. Thereafter, McManus agreed with Columbia Cornice Company (Columbia), whose president is third-party defendant-respondent Leo E. Wolf, that Columbia would do the roofing. Following completion of the roof, it was discovered that the roof leaked. A dispute arose over liability for the damages and McManus sued Columbia. Upon the nonappearance of Columbia, a default judgment was entered in the amount of $200,000. This default was reopened upon the condition that Columbia post a judgment bond for $200,000 in favor of McManus.

After discussions, McManus agreed to release Columbia from the bond in return for Leo E. Wolf's personal guarantee to pay any judgment McManus obtained against Columbia that was returned unsatisfied.

The instant action was commenced on June 19, 1976, by General Fibre against McManus. On June 29, 1977, Columbia filed a petition for arrangement under chapter 11 of the Bankruptcy Act. The arrangement was confirmed by order granted October 21, 1977. On January 10, 1981, McManus instituted a third-party action against Leo E. Wolf for indemnification and contribution based on the guarantee agreement. Wolf moved for summary judgment.

Special Term found that the terms of the guarantee set up two preconditions to Wolf's liability: (1) recovery of a judgment by McManus against Columbia, and (2) its return unsatisfied. The court then reasoned that Columbia's discharge in bankruptcy prevented McManus from obtaining a valid judgment against Columbia and that, therefore, the preconditions could not be met. Accordingly, Special Term ruled that Wolf was not liable under the guarantee agreement and granted summary judgment dismissing the third-party complaint as to him. This appeal ensued.

The order and judgment entered at Special Term were improperly granted. A genuine triable issue of fact concerning Wolf's liability precludes summary judgment for either party. The order and judgment should be reversed and the motion of third-party defendant Wolf denied.

Under the Bankruptcy Act of 1898 and New York law, a creditor may proceed to judgment against a bankrupt on a discharged debt for the sole purpose of charging the surety

(*Hill v Harding,* 130 US 699; *Matter of General Steel Tank Co.,* 478 F2d 294; *Holyoke v Adams,* 1 Hun 223, app dsmd 59 NY 233; *King v Block Amusement Co.,* 126 App Div 48, affd 193 NY 608; see, also, *Handelman v Olen,* 53 Misc 2d 566).

The guarantee agreement in dispute states that should McManus procure a final judgment against Columbia in any action related to the subject matter of the General Fibre Box Company roof and should McManus be unable to have Columbia satisfy that judgment, Wolf would make good any amounts not paid. The order of the Bankruptcy Court, after releasing Columbia from all dischargeable debts, reads, "[A]ny judgment heretofore or hereafter obtained in any court * * * is null and void as a determination of the personal liability of the debtor with respect to [all debts discharged by this order and certain others]." The order then states, "[A]ll creditors whose debts are discharged by this order and all creditors having claims of a type referred to * * * above are perpetually enjoined from instituting or continuing any action or employing any process to collect such debts as personal liabilities of the * * * debtor."

Wolf's contention that the terms of this order prevent McManus from pursuing the action herein and that subdivision (f) of section 14 of the Bankruptcy Act of 1898 (US Code, tit 11, § 32, subd [f] [1970 amdt]), whose language is reflected in the order, supports this interpretation, is rejected. Such an interpretation is overbroad. The discharge of the debtor is not meant to absolve the sureties and guarantors of liability. Section 16 of the Bankruptcy Act of 1898 (US Code, tit 11, § 34) clearly provides that a bankrupt's discharge shall not alter the liability of a codebtor with, or a guarantor or surety for a debtor. The language of both the law and the order specifically state that debts for which the debtor is personally liable are null and void and process to collect debts as personal liabilities of the debtor is to be enjoined. The liability of secondary parties is left intact (*Matter of General Steel Tank Co., supra,* p 296; see *Kanter v Crimmins,* 87 Misc 2d 647, 649). Moreover, the Supreme Court in *Hill v Harding* (*supra*) held that nothing in the Bankruptcy Act prevented creditors from procuring

a judgment in State court against one discharged in bankruptcy for the purpose of charging the surety.

Clearly then the Bankruptcy Act itself does not bar the instant litigation. And, the courts of New York have found that an agreement such as this, calling for final judgment against the debtor to be returned unsatisfied before imposing liability, is a guarantee of collection (*McMurray v Noyes,* 72 NY 523) and enforceable (*Jackson v Decker,* 14 App Div 415, revd on other grounds *sub nom. Jackson v Swart,* 182 NY 373; see *Gonsenhauser v Central Trust Co.,* 51 AD2d 664).

The argument that the present action should be barred as a collateral attack on the bankruptcy order is rejected. Here, the bankruptcy order did not address itself to creditors' claims against sureties of the debtor. *Garfield Trust Co. v United States* (312 F2d 751), relied upon by Wolf to sustain this argument, is distinguishable from the situation at bar. In *Garfield,* one creditor sued another creditor and both creditors had participated in the bankruptcy. Surety rights were not involved as they are here. The referee's order in *Garfield* was *res judicata* as to all issues which were or could have been presented in that court between those two creditors.

Likewise inapplicable here is *Stoll v Gottlieb* (305 US 165, reh den 305 US 675), cited by Wolf for the proposition that McManus, having filed a complaint for a modification of the automatic stay of the Bankruptcy Court, is bound by the confirmation order and can only obtain relief from that order from the Bankruptcy Court. The instant case is unlike *Stoll* in that here no specific determination has been made concerning the liability of the surety; no release of the surety has been ordered. No written order resulted from the complaint filed for a modification of the stay. Further, the order of confirmation was carefully worded so as not to affect the rights of creditors against sureties. We have examined third-party defendant Wolf's other contentions and find them to be unpersuasive.

The order and judgment should be reversed, on the law, with costs, and motion by third-party defendant Leo E. Wolf for summary judgment denied.

MAHONEY, P. J., YESAWICH, JR., and LEVINE, JJ., concur.

Order and judgment reversed, on the law, with costs, and motion by third-party defendant Leo E. Wolf for summary judgment denied.