■ In the Matter of RICHARD A. SALAHUDDIN, Appellant, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered May 19, 1987 in Clinton County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as improperly verified.

Petitioner, an inmate at Clinton Correctional Facility, commenced this proceeding by order to show cause dated April 27, 1987, apparently to review various disciplinary determinations rendered in March 1987. Respondents immediately returned the *pro se* petition for lack of an appropriate verification pursuant to CPLR 3022. Thereafter, Supreme Court granted respondents' motion to dismiss the petition as improperly verified. This appeal by petitioner ensued.

We affirm. A petition in a CPLR article 78 proceeding must be verified (CPLR 7804 [d]). Where defective in this regard, the petition may be treated by the opposing party as a nullity (CPLR 3022). Having returned the petition within one day, respondents clearly met the due diligence aspect of CPLR 3022 (*cf., Matter of O'Neil v Kasler,* 53 AD2d 310, 315). Our focus is on the verification presented. The petition was not sworn to before a notary public, but before a fellow inmate, ostensibly in accord with the procedure sanctioned in *United States ex rel. Echevarria v Silberglitt* (441 F2d 225, 227). As Supreme Court observed, however, petitioner's reliance on

*United States ex rel. Echevarria v Silberglitt (supra)* is misplaced because the services of a notary public are available at Clinton Correctional Facility. The record includes various other decisions in proceedings initiated by petitioner in which Supreme Court in Clinton County took judicial notice that notary services are available. Petitioner, a frequent litigator, was clearly privy to this information and yet failed to present a viable reason for using an inmate witness. While *pro se* petitions are accorded a liberal construction *(see, Hughes v Rowe,* 449 US 5, 9), and pleading defects may be ignored (CPLR 3026; *see, State of New York v McMahon,* 78 Misc 2d 388), under the circumstances presented, Supreme Court could readily dismiss the petition pursuant to CPLR 3022 *(cf., Sackinger v Nevins,* 114 Misc 2d 454, 458). This is particularly pertinent in view of the patently ambiguous nature of the pleadings.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss and Yesawich, Jr., JJ., concur.