■ ELLEN MOORE et al., as Coadministratrices of the Estate of WILLIAM J. WYNNE, Deceased, et al., Appellants, v COUNTY

OF RENSSELAER et al., Respondents.—Weiss, J. Appeal from an order of the Supreme Court (Keniry, J.), entered December 23, 1988 in Rensselaer County, which granted defendants' motions for summary judgment dismissing the amended complaint.

The complaint of plaintiffs, William J. Wynne and Mildred R. Wynne,* alleges that defendants made improvements to County Road 27, owned by defendant Rensselaer County, and Wemple Road, owned by defendant Town of Stephentown, resulting in encroachments upon their lands. Both defendants moved for summary judgment, supporting their motions with a survey and an affidavit from a surveyor. The surveyor reviewed the pertinent deeds, examined and verified a 1976 survey of the subject lands and visited the site of the alleged unlawful taking. He concluded that the roadway bed is within the right-of-way owned by each respective defendant and set forth the facts and reasoning supporting his expert opinion. In opposition, plaintiffs, appearing *pro se,* submitted the statement of William J. Wynne which is devoid of proof and consisted solely of his opinion. Supreme Court searched the record for competent proof in support of the complaint and found that plaintiffs failed to raise a triable issue of fact. Summary judgment dismissing the amended complaint was therefore granted. We affirm.

Defendants made an initial prima facie evidentiary showing of entitlement to summary judgment which then shifted the burden to plaintiffs to lay bare their proof in admissible form showing the existence of a triable issue of fact *(see, Zuckerman v City of New York,* 49 NY2d 557). The conclusions, unsubstantiated allegations and surmise or conjecture offered by plaintiffs are insufficient to defeat the motions *(see, supra).* Supreme Court adequately noted and considered plaintiffs' *pro se* status, and granted a liberal and broad interpretation to their papers affording every favorable inference. However, the failure to submit proof in evidentiary form creating a triable issue of fact is fatal to plaintiffs' claim.

Plaintiffs' contention that William J. Wynne qualified as an expert by reason of his involvement in the construction field and experience as a foreman and building superintendent is unpersuasive, as is his reference to himself as a mechanical engineer. Supreme Court correctly concluded that he was not

---

* Since the commencement of this action, plaintiff William J. Wynne has died and Ellen Moore and Mildred Stocker, coadministratices of his estate, have been substituted for him. However, references to plaintiffs will be to William J. Wynne and Mildred R. Wynne.

qualified to give an opinion as to the road's location or any encroachment by analyzing the deeds and surveys. Consequently, summary judgment was properly granted to defendants.

Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.