■ FIRST NATIONAL BANK OF HIGHLAND, Respondent, v MARY H. BURLEY, Appellant.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered December 7, 1988 in Dutchess County, which denied defendant's motion to declare the action abandoned and granted plaintiff's cross motion to amend a prior judgment and approve the judgment as amended.

On September 7, 1982, defendant executed and delivered to plaintiff an unlimited loan guarantee agreement whereby she guaranteed payment of all past and future indebtedness of Burley Machinery, Inc. (hereinafter Burley) to plaintiff. Burley had previously filed a petition under chapter 11 of the Bankruptcy Act (11 USC ch 11) and the proceeding was pending in Bankruptcy Court at the time. On February 16, 1983, Burley borrowed $53,000 from plaintiff and in exchange gave two promissory notes, due on demand and secured by specified equipment. Thereafter, the bankruptcy was converted upon consent to a chapter 7 proceeding (11 USC ch 7) and plaintiff filed a claim as a secured creditor for the amount due on the notes. However, the bankruptcy trustee objected to the claim, asserting, inter alia, that plaintiff failed to properly perfect its security interest in the equipment. Ultimately, plaintiff settled its claim against the bankruptcy estate for $7,500.

Plaintiff subsequently commenced this action by service upon defendant of a summons and notice of motion for summary judgment in lieu of complaint pursuant to CPLR 3213, seeking judgment for the balance due on the notes, together with interest, costs and disbursements, and reasonable counsel fees equal to 20% of the amount due. Defendant cross-moved for summary judgment dismissing the action, asserting (1) that the obligation of Burley to plaintiff had been compromised and satisfied by the payment of $7,500 in connection

with the bankruptcy proceedings and (2) that defendant was released from her obligations under the guarantee by virtue of plaintiff's failure to properly perfect its security interest in the collateral. Supreme Court rejected the defenses and granted plaintiff's motion by decision dated September 14, 1987. Plaintiff prepared a proposed judgment as directed by the decision but, rather than forward it to Supreme Court on notice to defendant, inadvertently forwarded it to the Dutchess County Clerk's office, where it was entered on September 23, 1987. In November 1987, defendant moved to declare the action abandoned due to plaintiff's failure to timely submit a proper judgment on notice. Plaintiff cross-moved for amendment and nunc pro tunc approval of its prior judgment. Supreme Court denied defendant's motion and granted plaintiff's cross motion and authorized the entry of judgment in the amount of $90,505.11. Defendant now appeals.

We affirm. Initially, we conclude that Supreme Court properly granted summary judgment in favor of plaintiff. In view of the language of the guarantee authorizing "settlements and compromises as [plaintiff] may deem proper with respect to any of the indebtedness, liabilities and obligations covered by this guaranty", plaintiff's compromise of its claim against the bankruptcy estate and Burley's discharge in bankruptcy did not impair plaintiff's rights against defendant under the guarantee (see, *Union Trust Co. v Willsea,* 275 NY 164, 167; *General Fibre Box Co. v McManus, Longe, Brockwehl,* 90 AD2d 144; *Chemical Bank N. Y. Trust Co. v Liebman,* 50 AD2d 492). Further, it is well settled that in a case, as here, where the guarantor expressly waives notice of the release of collateral, the payee's failure to perfect its security interest will not alter the guarantor's liability under the guarantee (see, *Executive Bank v Tighe,* 54 NY2d 330).

Plaintiff's failure to submit a proposed judgment for signature within 60 days of the date of Supreme Court's decision granting summary judgment (see, 22 NYCRR 202.48 [a]) was clearly inadvertent, and Supreme Court acted well within its discretion in excusing this law office failure bringing about a delay of brief duration (see, *Town of Virgil v Ford,* 160 AD2d 1073; cf., *Seeman v Seeman,* 154 AD2d 584, 586). Finally, we find no error in Supreme Court's calculation of the amount of the judgment, including the allowance for reasonable counsel fees.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.