■ JANE DI NEZZA, Appellant, v CREDIT DATA OF HUDSON VALLEY, INC., Respondent.—Kane, J. P. Appeals (1) from an order of the Supreme Court (Bradley, J.), entered July 10, 1989 in Ulster County, which, *inter alia*, granted defendant's cross motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered September 27, 1989 in Ulster County, which denied plaintiff's motion to reargue or renew.

The *pro se* plaintiff herein commenced this lawsuit by way of an action pursuant to CPLR 7101 to recover, as stated in her complaint, "money and property loss as a direct result of defendant's unlawful and unauthorized discriminatory actions". Defendant, a credit reporting agency, issued a credit profile on plaintiff which designated her account with New York State Educational Services as negative. Plaintiff alleged that the negative designation, regarding a school loan that plaintiff apparently disputes, was premature because the dispute had yet to be resolved "in a court of law". Plaintiff further claimed that the result of defendant's allegedly wrongful reporting was the denial of her subsequent loan applications. Defendant denied the allegations and both parties eventually moved for summary judgment. Supreme Court granted defendant's motion for summary judgment and dismissed the complaint, finding that it failed to state a cause of action. Supreme Court subsequently denied plaintiff's "informal motion for rehearing" and these appeals followed.

We affirm. Although careful to apply the liberal and broad interpretation afforded the papers submitted by a *pro se* litigant *(see, e.g., Moore v County of Rensselaer*, 156 AD2d 784,

785; *Greenman v City of Cortland,* 141 AD2d 910, 911; *Matter of Salahuddin v LeFevre,* 137 AD2d 937, 938) and giving plaintiff every favorable inference in the case at bar, we agree with Supreme Court that plaintiff failed to articulate any cognizable cause of action. Initially, we note that plaintiff has improperly fashioned her suit for money damages as an action in replevin. The $150,000 sought by plaintiff in this instance is clearly not identifiable chattel as envisioned by CPLR article 71 *(see,* CPLR 7101 *et seq.).* This aside, plaintiff has also failed to demonstrate the existence of any actionable wrong on defendant's part. Plaintiff apparently claims to be the subject of either an inaccurate or misleading credit report issued by defendant. The record demonstrates that defendant designated plaintiff's unpaid school loan as a negative account on plaintiff's credit profile. Plaintiff does not dispute that the loan was unpaid but instead argues that the negative designation is in error because the dispute over the loan had not been legally adjudicated. We find nothing in the record to support plaintiff's conclusion that defendant was limited to disclosing only those outstanding loans that had been unsuccessfully litigated by plaintiff. Nothing submitted by either party indicates that defendant owed or assumed such a duty to plaintiff, or that those reviewing plaintiff's credit profile erroneously relied thereon. Nor do we find that Supreme Court erred in denying plaintiff's motion to rehear, as plaintiff failed to offer any additional facts or law. Accordingly, both orders are affirmed.

Orders affirmed, without costs. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.