■ LILLIAN AARON, as Executrix of MARTIN AARON, Deceased, Respondent, v FREDERICK E. KENT et al., Defendants. STEPHEN R. ASHLEY, Appellant.—Mahoney, J. Appeal from an order of the Supreme Court (Cobb, J.), entered June 24, 1991 in Ulster County, which, inter alia, denied Stephen R. Ashley's motion to return his mortgage foreclosure sale deposit.

In this action Stephen R. Ashley, a defaulting bidder at a foreclosure sale, seeks to recover a $17,800 deposit made pursuant to a memorandum of sale. Following issuance of a judgment of foreclosure and sale on a parcel of property located in the City of Kingston, Ulster County, but prior to the conducting of a foreclosure sale, the City took title to the property for nonpayment of taxes. At the subsequent foreclosure sale, the Referee announced, in response to Ashley's assertion that the City's prior taking of title divested the

Referee of marketable title, that the sale was to be subject to unpaid taxes and that the redemption period had not expired. Notwithstanding Ashley's prior claim, he participated in the auction and was high bidder at $178,000. He tendered a $17,800 deposit and signed a memorandum of sale which stated, *inter alia,* that failure to pay the balance by a stated date would result in reauctioning of the property and that Ashley would be "held liable for any deficiency" between his bid and "that for which [the parcel] may be purchased on the resale". Consistent with the Referee's prior announcement, the memorandum of sale also specifically provided that Ashley purchased the parcel subject to "unpaid taxes [and] assessments". Ashley failed to pay the balance of the purchase price by the stated date and, pursuant to the terms of the memorandum of sale, the Referee retained his deposit.

Several weeks after Ashley's default, the City conducted a tax sale of the property and the City Treasurer formally conveyed the property to the City. Subsequently, the Referee conducted another sale and plaintiff, a mortgagee, purchased the property for $140,000. After the deed was recorded, plaintiff redeemed the parcel from the City by paying the back taxes.

Thereafter, Ashley, a nonparty to the foreclosure proceedings, moved by order to show cause for return of his deposit. Plaintiff sought, *inter alia,* confirmation of the Referee's sale. Supreme Court denied Ashley's motion and granted plaintiff's application, confirmed the report and awarded her judgment against Ashley for $38,000 (i.e., the difference between Ashley's original bid of $178,000 and the ultimate sale price of $140,000). Ashley appeals.

The crux of Ashley's argument on appeal is that he was somehow excused from performing his obligations under the memorandum of sale, and thus entitled to a return of his deposit, because at the time of the original foreclosure sale the City had already taken title and the resulting lien for unpaid real estate taxes was such a cloud on the Referee's title so as to render it unmarketable. We disagree. It is firmly established that a purchaser at a foreclosure sale is not excused from completing performance on account of an apparent defect in title of which he or she *had notice* at the time the bid was made *(see, Riggs v Pursell,* 66 NY 193). Here, it is uncontroverted that not only did the memorandum of sale expressly provide that the sale was subject to unpaid taxes, but that Ashley had *actual* notice of the existence of a tax lien at the time he made his bid and *actual* notice that the City

had taken title because he raised these issues at the foreclosure sale. Accordingly, his performance is not excused as a result of the title defects. Likewise, we find no merit to Ashley's contention that the City's *subsequent* filing of a tax deed excused his performance. It is difficult to imagine how an act which occurs chronologically *after* performance is due under a contract can be said to excuse the earlier required performance.

Finally, we also reject Ashley's contention that Supreme Court erred by not conducting a hearing on the fair market value of the parcel. Pursuant to RPAPL 1371 (2), the court "shall determine, upon affidavit or otherwise * * * the fair and reasonable market value of the mortgaged premises". Here, plaintiff offered a real estate appraiser's value of the premises but Ashley offered only the affidavit of his attorney, who merely made assertions that plaintiff's appraiser was unqualified, that a "cozy relationship" existed between plaintiff and the appraiser, and that the methodology employed by plaintiff's appraiser was suspect. Such an affidavit is not sufficient to create a triable issue of fact *(see, Moore v County of Rensselaer,* 156 AD2d 784, 785) and Supreme Court correctly adopted the parcel's value as asserted by plaintiff's appraiser *(see, Evergreen Bank v D & P Justin's,* 152 AD2d 898, 899, *lv denied* 75 NY2d 701).

Weiss, P. J., Levine, Mercure and Casey, JJ., concur. Ordered that the order is affirmed, with costs.