■ UNION NATIONAL BANK, Respondent, v KEVIN J. JOHNSON et al., Appellants, et al., Defendants. [617 NYS2d 993] — Casey, J. Appeal from an order and judgment of the Supreme Court (Keegan, J.) entered November 3, 1993 in Albany County, which granted plaintiff's motion for summary judgment, confirmed the amended report of the Referee and granted plaintiff's motion for a deficiency judgment.

The mortgaged premises were purchased by defendant mortgagors in February 1986 for $195,000, a value that was

confirmed by a real estate appraisal prior to the loan. The mortgage loan obtained from plaintiff was $156,000. When the required mortgage payments fell into arrears, plaintiff commenced this action for foreclosure. Plaintiff's motion for summary judgment was granted without opposition. The Referee's report as to the amount due was confirmed, a judgment of foreclosure and sale was entered, and a sale of the property was ordered. The property was sold at public auction to plaintiff, who was the only bidder, for the sum of $50,000. Using a market value of $140,000 set by plaintiff's appraiser as the value of the property at the time of the sale, and deducting therefrom unpaid real property taxes of $27,787.39 which constituted a prior lien on the premises, Supreme Court set the fair and reasonable market value of the property at the time of the sale at $112,212.61.

Plaintiff moved for an order confirming the amended Referee's report of sale dated April 20, 1993 and for a deficiency judgment in the amount of $39,029.34 with interest from the date of sale. Defendants cross-moved to set aside the foreclosure sale. Supreme Court granted plaintiff's motion in all respects and denied defendants' motion. In regard to the deficiency judgment, the order recited that plaintiff is entitled to $39,029.34 which amount is equal to the difference between the amount reported due by the Referee and the fair and reasonable market value of the mortgaged premises as of the date of sale.

On this appeal, defendants argue that plaintiff's bid of $50,000 at the judicial sale was so grossly inadequate as to warrant a vacatur of the sale. We disagree. Mere inadequacy of price does not furnish sufficient grounds for vacating a sale (see, Guardian Loan Co. v Early, 47 NY2d 515, 521). After the deduction of $27,878.39, which represents the unpaid taxes, from the value set by plaintiff's appraiser, the market value of the property at the time of sale was $112,212.61. Defendants contend that the qualifications of plaintiff's appraiser are inadequate and that the basis of his appraisal has not been set forth. The record reveals, however, that plaintiff's appraiser is a member of the Mortgage Appraisal Institute and a certified general appraiser of this State, and by his qualifications and experience is fully qualified to render an opinion as to the fair market value of the property, which he set at $140,000 at the time of sale. Significantly, defendants submitted no appraisal in opposition to that submitted by plaintiff's appraiser. Supreme Court did not err in accepting the only proof submitted

on the issue of the fair and reasonable market value of the property at the date of the sale.

Defendants' second contention is that Supreme Court abused its discretion in not ordering a hearing to determine the amount that should be entered as a deficiency judgment. In the circumstances outlined above, we find no abuse of discretion. The appraisal of the property at the time of the mortgage loan in 1986 does not reflect the market value of the property in 1993, and defendants submitted no proof that the value of the property in 1993, as set by plaintiff's appraiser, was inadequate or improper. No affidavit or other proof was submitted to attest that a higher or even a different value than that asserted by plaintiff's expert could be obtained. In the absence of such a showing by defendants, no issue of fact was raised requiring a hearing under the provisions of RPAPL 1371 (2) *(see, Aaron v Kent,* 182 AD2d 960, 962).

Crew III, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the order and judgment is affirmed, with costs.