■ First National Bank of Scotia, Respondent, v Proem-A-Net Economics Corporation et al., Appellants, et al., Defendants. [652 NYS2d 405] —Peters, J. Appeal from an order and judgment of the Supreme Court (Teresi, J.), entered March 5, 1996 in Albany County, which, *inter alia*, granted plaintiff's motion for leave to enter a deficiency judgment against defendants Proem-A-Net Economics Corporation and Dominick J. Gervasio, III.

In January 1987, defendant Proem-A-Net Economics Corporation (hereinafter PAN) acquired property known as 796, 797, 798 and 801 Watervliet-Shaker Road in the Town of Colonie, Albany County. In connection therewith, plaintiff consented to PAN's assumption of a preexisting mortgage on several of these parcels and further loaned it additional moneys under the mortgage. The entire loan was personally guaranteed by defendant Dominick J. Gervasio, III, among others.

As a result of nonpayment, plaintiff declared the mortgage delinquent, demanded payment of all outstanding principal and accrued interest, and ultimately commenced this foreclosure action. PAN and Gervasio (hereinafter collectively referred to as defendants) appeared by counsel, David Freedman, and filed an answer setting forth several affirmative defenses. Supreme Court struck the defenses, granted summary judgment to plaintiff and appointed a Referee. It appears from the record that on June 25, 1993, prior counsel for defendants was substituted by the law firm of Fox & Katzer.

In August 1993, PAN filed a petition for bankruptcy under Bankruptcy Act chapter 11 which automatically stayed plaintiff's pending forfeiture action. Thereafter, when such stay was modified by Bankruptcy Court to permit plaintiff to

move forward, Supreme Court entered a judgment of foreclosure and sale against PAN which authorized the commencement of a deficiency action, if necessary, against, among others, Gervasio. Pursuant to an agreement between plaintiff and defendants, the parties agreed to stay the foreclosure proceeding until June 30, 1994 because it was believed that Gervasio had a possible buyer. When no buyer was produced, the conditional stay lapsed and the property was scheduled for sale in October 1994. Two days prior to the scheduled sale, PAN filed a second chapter 11 petition in Bankruptcy Court.[1] Plaintiff again moved to have the automatic stay lifted but this time Bankruptcy Court ordered a valuation hearing to be held on March 28, 1995.

On the day of the hearing, with all parties present, a conditional settlement agreement was negotiated which contemplated an exchange of parcels in satisfaction of some of the debt. Thus, the request for the valuation hearing was withdrawn and both defendants consented to the stay being vacated as of May 31, 1995.[2] Before the agreement could be effectuated within the context of the chapter 11 proceeding, the US Trustee moved to convert the case to a chapter 7 proceeding or have it dismissed. By order of Bankruptcy Court dated May 18, 1995, the petition was so converted, the debtor lost the ability to exchange parcels in accordance with the agreement and Marc Ehrlich was appointed as Trustee.

Plaintiff resumed its efforts to proceed with the foreclosure sale. It contends that due notice was given to all parties entitled to such notice, including the firm of Dafner & Tang, attorneys of record for defendants at the time.[3] Gervasio contends that it was not until he read a "news item reporting the eminent [sic] foreclosure" in the Albany Times Union on July 26, 1995 that he was aware that the property was being foreclosed upon.

During the time that the property foreclosure was advertised, the Trustee moved Bankruptcy Court to enter a settlement agreement in accordance with the plan devised in 1995. PAN unsuccessfully cross-moved to reinstate the automatic stay and reconvert the case. Bankruptcy Court did, however, grant the

---

1. It appears from the record that James Milstein was counsel for PAN in Bankruptcy Court.

2. Such relief was reflected in the order of Bankruptcy Court dated April 19, 1995.

3. Although not included in the record, it appears that the law firm of Dafner & Tang was substituted for Fox & Katzer as counsel for defendants on May 20, 1994.

Trustee's motion to enter into the settlement agreement. During the settlement negotiations on the record, plaintiff, by its attorney, released PAN from liability for the deficiency judgment. The order approving the settlement was entered on August 28, 1995 and noted the appearance of Lisa Tang, for Dafner & Tang, as well as others, on behalf of defendants.

On August 16, 1995, the foreclosed property was sold to plaintiff, as highest bidder, for $200,000. The sale and the Referee's report of sale, reflecting a deficiency in the amount of $29,886.46, was confirmed by order dated November 14, 1995. Therein, Supreme Court noted that all defendants had been served with notice and that no objection was received.

By notice of motion dated November 28, 1995, plaintiff moved for leave to enter a deficiency judgment against Gervasio. The motion was personally served on defendants' former law firm, Fox & Katzer, on November 29, 1995. Upon recognition of the error, service was corrected by personal service upon E. Lisa Tang of Dafner & Tang on December 4, 1995. Defendants, by new counsel, Leila Reynolds, opposed plaintiff's motion and cross-moved to, *inter alia*, set aside the foreclosure sale. Supreme Court granted plaintiff a deficiency judgment in the amount requested and denied all aspects of defendants' cross motion. Defendants now appeal.

Current counsel for defendants (Leila Reynolds) contends that Gervasio was never properly served with the notice of sale or the notice to approve the Referee's report of sale. In support thereof, Gervasio's affidavit states that "[u]pon information and belief" such papers may have been served on former counsel, Fox & Katzer, "based upon the fact that a majority of the other interlocutory papers in this action were improperly served upon Attorneys Fox & Katzer". Gervasio contends that this was acknowledged by plaintiff's counsel when he corrected the improper service made on Fox & Katzer.

Our review of the record reveals a significant omission of any supporting affirmations from former counsel, including Dafner & Tang. We further note that in the reply affidavit by plaintiff's counsel, he clarifies that an error in service was made only with respect to the motion for leave to enter a deficiency judgment, as is fully reflected in the affidavits filed with Supreme Court. Finally, when the issue of service was raised before Supreme Court, the contention was rejected outright based upon its review of the record. Fully acknowledging that defendants, by their appearance, were entitled to receive notice (*see, Citibank v Badcock*, 206 AD2d 784, *lv denied* 84 NY2d 801), we find that defendants proffered insufficient evidence to indicate the lack thereof (*see, White v Magee*, 85 AD2d 858).

As to the price bid at the foreclosure sale, again we find no error. While a court may, in its discretion, set aside a judicial sale and order a resale, "mere inadequacy of price does not establish sufficient grounds to vacate a sale" (*Trustco Bank v Collins*, 213 AD2d 819; *see, Guardian Loan Co. v Early*, 47 NY2d 515, 521; *Union Natl. Bank v Johnson*, 209 AD2d 775, 776, *lv denied* 85 NY2d 802). Even acknowledging the disparity in appraisals offered by each side, we disagree with defendants that RPAPL 1371 mandates that a mortgagee bid on the property at a price equal to its fair market value. Rather, "[f]or a judicial sale to be overthrown, the degree of inadequacy must be 'very gross indeed' * * * and nullification should not occur unless the price is 'fundamentally unfair' " (*Polish Natl. Alliance v White Eagle Hall Co.*, 98 AD2d 400, 409 [citation omitted]). Since the record reflects that the property acquired at foreclosure, combined with other property, was later sold for $205,000, we find this " 'evidence of the "highest rank" to determine the true value of the property at that time' " (*W.T. Grant Co. v Srogi*, 52 NY2d 496, 511, quoting *Plaza Hotel Assocs. v Wellington Assocs.*, 37 NY2d 273, 277).

Upon these facts, Supreme Court properly determined that there was no inadequacy of price and that no valuation hearing was required pursuant to RPAPL 1371 (2). Plaintiff's appraisal, coupled with evidence of recent sale, was sufficient to eliminate any question regarding valuation, especially because defendants' exceedingly higher appraisal was premised upon the inclusion of property not subject to this proceeding (*see, Union Natl. Bank v Johnson, supra*; *see generally, Aaron v Kent*, 182 AD2d 960).

Gervasio's liability for the deficiency judgment, notwithstanding the release of PAN during the chapter 7 bankruptcy proceeding, must also be affirmed (*see, Taubes v Stuart*, 181 AD2d 669; *First Natl. Bank v Burley*, 162 AD2d 910). The language of the guarantee[4] coupled with the judgment's authorization of a deficiency against him, to which no objection regarding service was raised, supports recovery.

Finally, as to defendants' allegations of fraud permeating each aspect of this proceeding, we find them wholly unsupported by this record.

---

4. The language of the guarantee signed by Gervasio reads, in relevant part, as follows: "In consideration of this loan * * * I unconditionally promise that if [PAN] fails to make any payment owed on the loan, I will pay the amount of the loan * * * I agree that the Lender may * * * release any party from his or her liability on the indebtedness * * * waive or delay enforcing any of its rights * * * and this shall not affect my * * * responsibility on this guarantee."

Mikoll, J. P., Yesawich Jr. and Spain, JJ., concur. Ordered that the order and judgment is affirmed, with costs.

