OPINION OF THE COURT
Francis T. Collins, J.
Claimant, an inmate, contends that he contracted tuberculosis while incarcerated at the Green Haven Correctional Facility due to the defendant’s failure to correct unsanitary, unsafe and poorly ventilated facilities.
*1008 The claim makes the following allegations. Claimant was tested, for tuberculosis on December 4, 1991, November 24, 1992 and January 30, 1993. All of the test results were negative. Claimant was again tested on December 28, 1993 with a positive result. It is contended that the defendant violated claimant’s statutory and constitutional rights to be safe from contagious diseases due to its failure to correct the unsanitary, unsafe and poorly ventilated facilities in which it housed the claimant. The gravamen of the lawsuit is set forth in paragraph 12 of the claim as follows: "It cannot be rightly deduced as to whom the Claimant contracted the bacterial infection that caused him to develop Tuberculosis. All we can assess is that being under the Care and Custody of the defendant, they have an obligation to keep him safe from contracting communicable diseases.”
Claimant’s trial testimony did little to further elucidate his claim. Apparently, his theory of recovery is that he did not have tuberculosis when he entered into the care and custody of the Department of Correctional Services, he now does, ergo, the defendant must be responsible. In order to recover claimant must establish that defendant breached a duty owed to him which proximately caused his injury.
The appropriate analysis is to first identify the source and content of the duty allegedly owed to the claimant. Thereafter, the court must ascertain whether the duty has been breached, followed by inquiries into causation and damage. The claim refers to the source of the defendant’s duty as constitutional and statutory, although claimant does not specify which Constitution, Federal or State, or identify applicable statutes. Nonetheless, fair resolution of the claim requires a search for the source of the duty as a pro se inmate’s pleading, however in inartfully drawn, should be liberally construed to search for a viable cause of action, especially so when the factual allegations can be interpreted to allege the deprivation of a constitutional right (Hughes v Rowe, 449 US 5, 9; see also, Matter of Salahuddin v LeFevre, 137 AD2d 937).
In Estelle v Gamble (429 US 97), the United States Supreme Court held that a deliberately indifferent failure by State prison officials to provide adequate medical care to an inmate constituted cruel and unusual punishment under the Eighth Amendment giving rise to a civil rights cause of action under 42 USC § 1983. The test to determine whether deliberate indifference exists involves an objective determination of whether there has been a serious deprivation of an inmate’s constitu *1009 tional right, and a subjective examination of the prison official’s state of mind to ascertain if that official deliberately delayed, denied, or interfered with appropriate medical treatment (Abdush-Shahid v Coughlin, 933 F Supp 168, 179, 180). A failure to adopt extensive screening and control practices for tuberculosis prevention has been held to be a violation of the Eighth Amendment (DeGidio v Pung, 920 F2d 525). Additionally, in the appropriate forum, State correctional employees can be cast in civil damages for a deliberately indifferent failure to protect the health and welfare of inmates (Matter of Von Holden v Chapman, 87 AD2d 66). However, it is settled law that this Court is not the appropriate forum as a 42 USC § 1983 lawsuit cannot be pursued against the State of New York in the Court of Claims (Zagarella v State of New York, 149 AD2d 503). In fact, a State is not a "person” as that term is used in 42 USC § 1983 (Ferrick v State of New York, 198 AD2d 822).
An inmate can pursue a constitutional claim of cruel and unusual punishment under the Eighth Amendment due to deliberate indifference to his medical needs by way of a CPLR article 78 proceeding (Matter of Hakeem v Wong, 223 AD2d 765; Matter of Moore v Leonardo, 185 AD2d 489; Matter of Trammell v Coombe, 170 Misc 2d 471). However, an article 78 proceeding must be maintained in Supreme Court, not the Court of Claims (Heslop v New York State Teachers’ Retirement Sys., 195 AD2d 851).
In the recent decision of Brown v State of New York (89 NY2d 172) the Court of Appeals held that a violation of the search and seizure and equal protection provisions of the State Constitution can give rise to an action for money damages in the Court of Claims. The allegations of this claim could be construed as asserting a violation of section 5 of article I of the New York State Constitution, which prohibits the imposition of cruel and unusual punishments.
In Brown (supra), the Court of Appeals utilized the following bench marks in establishing a cause of action for a constitutional tort in the Court of Claims. The applicable constitutional provision must be self-executing; a money damage remedy must further the purpose of the underlying constitutional provision and be necessary to assure its effectiveness; the provision should be such as to impose a clearly defined duty on State officers and employees; declaratory and injunctive relief must be inadequate and money damages necessary to deter governmental misconduct and to make the claimant whole; *1010 and, while there may be an already existing monetary remedy for a violation of an equivalent provision of the Federal Constitution, that remedy fails to reach State action even though most violations occur at the local level.
It would appear that New York State’s constitutional provision prohibiting cruel and unusual punishments meets the Brown criteria for permitting a constitutional tort claim for money damages in this court when there is a deliberately indifferent response by prison officials to the medical needs of inmates. The provision is self-executing and imposes a clearly defined duty upon State officers and employees. Under the facts of this case, as in Brown (supra), injunctive or declaratory relief is inadequate. The claimant has already contracted tuberculosis while confined in a State institution. For him, " 'it is damages or nothing’ ” (Brown v State of New York, supra, at 192). Given the number of persons incarcerated in state correctional facilities, the existing Federal money damage claim recognized in Estelle (supra) and its progeny fails to reach State action, where the majority of potential violations are likely to occur, because the State is not subject to suit pursuant to 42 USC § 1983. Further, under proper circumstances, one could reasonably conclude that authorizing a monetary recovery for a violation of the provision would further its purposes and assure its effectiveness by acting as a deterrent to governmental misconduct. However, it is not necessary in this case to decide the issue as our record is barren of evidence of a deliberate indifference on the part of prison officials to claimant’s medical needs (see, People ex rel. Kalikow [Rosario] v Scully, 198 AD2d 250).
An inmate has the burden of going forward upon a claim of deliberate indifference to a serious medical need (Matter of Moore v Leonardo, supra; see, Matter of Ronson v Commissioner of Correction, State of N. Y., 112 AD2d 488). Claimant concedes in paragraph eight of his claim that the Department of Correctional Services adopted a policy of mandatory tuberculosis screening for all persons under its care and custody during 1991. The Department of Correctional Services has also implemented protocols for dealing with those inmates that exhibit a positive tuberculosis test result (see, Williams v Greifinger, 97 F3d 699; Ogle v State of New York, 191 AD2d 878). Claimant has failed to submit any evidence upon which an objective determination could be made that the tuberculosis protocols adopted by the Department of Correctional Services violate the State Constitution’s prohibition against cruel and *1011 unusual punishment. There is no evidence in the record of a deviation from the tuberculosis protocols or that the protocols are or were inadequate thereby evincing a deliberate indifference to serious medical needs. Finally, there is no basis upon which a subjective determination could be rendered that any prison official knew of and disregarded an excessive risk to this claimant’s health or safety (Abdush-Shahid v Coughlin, supra, at 179). Assuming, arguendo, that such a cause of action exists in this court, claimant has failed to establish a prima facie case entitling him to recover money damages for a deliberately indifferent violation of the cruel and unusual punishment proscription of the State Constitution (see, Matter of Singh v Eagen, 236 AD2d 654).
The defendant’s CPLR 4401 dismissal motion must be granted due to the claimant’s failure to make out a prima facie case.