**Gary LUCCHESE and John DeLeno, Plaintiffs,**

v.

**John J. CARBONI, Individually, and The City of New Rochelle, New York, Defendants.**

**No. 98 Civ. 1065(BDP).**

United States District Court, S.D. New York.

Oct. 9, 1998.

Jonathan Lovett, Lovett & Gould, White Plains, NY, for plaintiff.

Michael A. Miranda, Miranda & Sokoloff, LLP, New York City, for defendant.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

Plaintiffs Gary Lucchese and John DeLeno, former police officers with the City of New Rochelle Police Department, bring this action against defendants John J. Carboni, the Deputy Police Commissioner, and the City of New Rochelle (the "City"). Both plaintiffs were terminated by the City after a disciplinary hearing, for engaging in what they contend was consensual sexual intercourse with an African American civilian employee of the City's Police Department, Dawn Fernandez, who thereafter reported that the plaintiffs had raped and sodomized her. Plaintiffs were criminally prosecuted in connection with these charges and were acquitted.

In connection with her charges against plaintiffs, Fernandez filed a race-based civil rights action against plaintiffs and the City. Plaintiffs counterclaimed against Fernandez, cross-claimed against the City, and filed a third-party complaint against the City's Police Commissioner and Mayor, a member of the City Council, the City Police Lieutenant, and one other member of the Police Department. Plaintiffs asserted claims for false arrest and malicious prosecution, and alleged that the Police Commissioner, Mayor, and their political allies had impermissibly yielded to political motivation. Plaintiffs contend that in order to ensure that plaintiffs would be fired, the Police Commissioner retained a personal friend as a hearing officer for plaintiffs' disciplinary proceedings, and an apparent relative of that hearing officer to prosecute the disciplinary charges.

Plaintiffs were ultimately discharged from their positions and filed this suit. Plaintiffs assert claims under 42 U.S.C. §§ 1983 and 1985, and contend that defendants' conduct violated plaintiffs' 1) Fourteenth Amendment due process rights; 2) First Amendment free speech rights; 3) First Amendment rights to petition government for redress of grievances; and 4) Fourteenth Amendment rights to equal protection. Plaintiffs also contend that the adverse finding in the disciplinary proceeding was arbitrary, capricious, and inconsistent with applicable law, and seek to set that determination aside in accordance with Article 78 of the New York State Civil Practice Law and Rules.

Defendants move pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss plaintiffs' due process, conspiracy, and Article 78 claims. For the reasons that follow, defendants' motion is granted in part and denied in part.

## DISCUSSION

A district court's function on a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is to assess the legal feasibility of the challenged claims. *Kopec v. Coughlin,* 922 F.2d 152, 155 (2d Cir.1991). The issue "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Dismissal is warranted only where

"it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ricciuti v. NYC Transit Authority,* 941 F.2d 119, 123 (2d Cir.1991) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted)). Allegations contained in the challenged pleading must be accepted as true and construed favorably to the plaintiff. *Walker v. New York,* 974 F.2d 293, 298 (2d Cir.1992).

■ In this case, plaintiffs seek that this Court exercise supplemental jurisdiction over their claim under New York Civil Practice Law and Rules Article 78. An Article 78 proceeding is a novel and special creation of state law, and differs markedly from the typical civil action brought in this Court in a number of ways. It is a "special proceeding ... designed to facilitate a 'summary disposition' of the issues presented, ... and has been described as 'a fast and cheap way to implement a right' that is 'as plenary as an action, culminating in a judgment, but is brought on with the ease, speed and inexpensiveness of a mere motion.'" *Davidson v. Capuano,* 792 F.2d 275, 280 (2d Cir.1986) (quoting CPLR § 401; D. Siegel, Handbook on New York Practice 764 (1978)). Article 78 proceedings were designed for the state courts, and are best suited to adjudication there. *Herrmann v. Brooklyn Law School,* 432 F.Supp. 236, 240 (E.D.N.Y.1976). Because of the differences between an Article 78 claim and a civil claim typically brought in this Court, I find that the Article 78 proceeding should be brought in the appropriate forum—state court. Pursuant to 28 U.S.C. § 1367(c) I decline to exercise supplemental jurisdiction over plaintiffs' Article 78 claim. Plaintiffs' Article 78 claim is dismissed.

■ Defendants further contend that plaintiffs' Fourteenth Amendment due process claim must be dismissed as well. It is well-settled that the availability of Article 78 proceeding constitutes an adequate postdeprivation procedure under the due process clause. *Hellenic American Neighborhood Action Committee v. City of New York,* 101 F.3d 877, 881 (2d Cir.1996) (availability of Article 78 proceeding adequate for due process purposes, barring subsequent § 1983

claim); *Marino v. Ameruso,* 837 F.2d 45 (2d Cir.1988) (availability of Article 78 proceeding defeated due process claim for discharge from job as New York City traffic enforcement agent). Accordingly, plaintiffs' due process claim is dismissed.

■ Finally, defendants move for dismissal of plaintiffs' conspiracy claims, contending that the claims of conspiracy are too vague and conclusory to withstand a motion to dismiss. *See, e.g., Dwares v. City of New York,* 985 F.2d 94, 100 (2d Cir.1993) ("complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed"). In their complaint, plaintiffs allege that Carboni, the Police Commissioner, the Mayor, a member of the City Council, Kevin Kearon, Robert Kearon, Reverend Al Sharpton, and Dawn Fernandez, in various combinations, orchestrated a skewed investigation of Fernandez's charges against plaintiffs, publicly supported Fernandez's claims and denounced plaintiffs, sabotaged plaintiffs' disciplinary hearings, and recommended that plaintiffs be fired from their positions. Plaintiffs' allegations suffice to state a claim for conspiracy. Defendants' motion to dismiss plaintiffs' conspiracy claims is denied.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted in part and denied in part. The Clerk of the Court is directed to dismiss plaintiffs' due process and Article 78 claims. The parties shall appear for a pre-trial conference on October 16, 1998 at 11:15 a.m.