**Haydee CARTAGENA, Plaintiff,**

v.

**CITY OF NEW YORK et al., Defendants.**

**No. 99 CIV. 11987(DC).**

United States District Court, S.D. New York.

April 18, 2003.

Carroll & Friess by Rosemary Carroll, Esq., Alan I. Friess, Esq., New York City, for Plaintiff.

Michael A. Cardozo, Esq., Corporation Counsel of the City of New York, New York City (Katharine H. Parker, Esq., Special Assistant Corporation Counsel, Proskauer Rose LLP, of Counsel), for Defendants.

### MEMORANDUM DECISION

CHIN, District Judge.

In this employment discrimination case, plaintiff Haydee Cartagena alleges that defendants discriminated against her in the terms and conditions of her employment as a police officer in the New York City Police Department (the "NYPD"). Cartagena contends that she was discriminated against in numerous ways, including in the handling of her application for a disability retirement pension, because of her national origin, gender, and disability, in violation of federal, state, and city law. Trial is scheduled to commence on May 19, 2003.

Cartagena moves for leave to amend or supplement her amended complaint. On March 12, 2003, the Board of Trustees of the Police Pension Fund (the "Pension Fund") rendered a final decision awarding

Cartagena an ordinary disability retirement ("ODR") and rejecting her application for an accidental disability retirement ("ADR"). As a consequence of being awarded an ODR, Cartagena will receive a pension equal to one-half of her final salary, and the pension is subject to federal income tax. If Cartagena had been granted an ADR, she would receive a pension equal to three-quarters of her final salary that would not be subject to federal income tax.

Cartagena seeks to challenge the Pension Fund's decision on the grounds that it is arbitrary and capricious and not supported by substantial evidence. She also contends that the Pension Fund's decision was discriminatory and was motivated at least in part by improper considerations of national origin and gender. Because the Pension Fund's decision, she contends, is the latest in the series of purportedly discriminatory acts that are the subject of this action, she seeks leave to add claims attacking the Pension Fund's decision to this case.

Cartagena acknowledges that the first claim—that the Pension Fund's decision is arbitrary and capricious and not supported by substantial evidence—is usually brought in this type of dispute via an Article 78 proceeding under the New York Civil Practice Law and Rules. *See* N.Y. C.P.L.R. 7801 et seq. (McKinney 1994 & Supp.2003). Hence, she seeks leave to add

the claims to this case and asks that the Court exercise supplemental jurisdiction over the Article 78 claim. Defendants oppose the motion, contending that an Article 78 proceeding may only be brought in state court.

The cases that have addressed the issue have consistently declined to exercise supplemental jurisdiction over Article 78 claims. *See, e.g., Birmingham v. Ogden,* 70 F.Supp.2d 353, 372 (S.D.N.Y.1999) ("federal courts are loath to exercise jurisdiction over Article 78 claims"); *Camacho v. Brandon,* 56 F.Supp.2d 370, 380 (S.D.N.Y.1999) ("we see no reason to exercise [the court's] discretion [to exercise supplemental jurisdiction] by adjudicating a purely state procedural remedy"); *Lucchese v. Carboni,* 22 F.Supp.2d 256, 258 (S.D.N.Y.1998) ("Article 78 proceedings were designed for the state courts, and are best suited to adjudication there."); *Herrmann v. Brooklyn Law School,* 432 F.Supp. 236, 240 (E.D.N.Y.1976) ("[T]his special proceeding designed to accommodate to the state court system is best suited to that system."). Indeed, Cartagena's counsel stated at oral argument that she was unaware of any decision where a federal court exercised supplemental jurisdiction over an Article 78 claim.[1]

I agree that an Article 78 proceeding is best brought in the state court, for the reasons articulated in the prior decisions.

1. In fact, there is such a case, although it is a highly unusual one. In *Yonkers Racing Corp. v. City of Yonkers,* 858 F.2d 855 (2d Cir.1988), the Second Circuit affirmed the exercise by Judge Sand of jurisdiction over an Article 78 proceeding that had been commenced in state court. Judge Sand ordered the state court case to be removed to be before him because the issues raised by the Article 78 proceeding went to the "very essence" of the consent decree that had been entered in the Yonkers desegregation case that he had presided over for years. 858 F.2d at 864–65. The Second Circuit held that in this "exceptional case,"

Judge Sand could exercise his "residual jurisdictional authority" under the All Writs Act to protect the integrity of the consent decree. *Id.* The Second Circuit did not discuss the issue of whether an Article 78 proceeding could be brought in federal court; rather, the fact that the underlying state court proceeding was an Article 78 proceeding was incidental. The key was that Judge Sand exercised his authority under the All Writs Act to ensure that the state court proceeding would not interfere with the consent decree that had been entered in his case. 28 U.S.C. § 1651.

But there remains the question whether, in the right circumstances, a federal court may choose to exercise jurisdiction over an Article 78 claim. In fact, the recent decisions couch their rulings in discretionary language—the courts *decline* to exercise supplemental jurisdiction. Cartagena suggests in this case that the Court has the power to exercise supplemental jurisdiction over an Article 78 claim and that the Court should choose to do so here, in light of all the circumstances, including the fact this case has been litigated in this Court for some four years and trial is scheduled to commence on May 19, 2003.

I conclude, however, that I do not have the discretion to exercise supplemental jurisdiction over an Article 78 claim. Article 78 specifies precisely where an Article 78 proceeding may be brought:

A proceeding under this article shall be brought in the *supreme court* in the county specified in subdivision (b) of section 506 except as that subdivision otherwise provides.

N.Y. C.P.L.R. 7804(b) (McKinney 1994) (emphasis added). Section 506(b) provides, in part, that "[a] proceeding against a body or officer shall be commenced in any county within the judicial district where the respondent made the determination complained of ..., or where the material events otherwise took place, or where the principal office of the respondent is located." N.Y. C.P.L.R. 506(b) (McKinney 2003). Exceptions are provided for four categories, and proceedings in these four categories are to be brought in the Appellate Division or the Supreme Court in certain specified counties. *Id.*

Hence, as the New York courts have held, "the Supreme Court has *exclusive* jurisdiction over Article 78 proceedings," with the exception of the Article 78 proceedings that must be brought in the Appellate Division. *Vanderbilt Museum v. American Assoc. of Museums,* 113 Misc.2d 502, 449 N.Y.S.2d 399, 403 (1982) (emphasis added); N.Y. C.P.L.R. 7804 (McKinney 1994) (Practice Commentary 7804:2) ("[T]he Supreme Court has exclusive subject matter jurisdiction over most Article 78 proceedings .... Certain Article 78 proceedings, however, must be commenced in the Appellate Division."); *see also De La Rosa v. State,* 173 Misc.2d 1007, 662 N.Y.S.2d 921, 923 (1997) ("[A]n article 78 proceeding must be maintained in Supreme Court, not the Court of Claims.").

The Article 78 proceeding is a "novel and special creation of state law," *Camacho,* 56 F.Supp.2d at 379–80, and state law provides that the Supreme Court has exclusive jurisdiction over Article 78 claims, except those claims that must be brought in the Appellate Division. State law does not permit Article 78 proceedings to be brought in federal court, and hence I conclude that I do not have the power to exercise supplemental jurisdiction over Cartagena's Article 78 claims.

Judge Weinfeld's observations in *Kohlasch v. NYS Thruway Authority,* 460 F.Supp. 956 (S.D.N.Y.1978), are instructive. There, plaintiffs owned and leased certain real property that was being damaged from the discharge of oil, sand, and debris from a drain constructed by the New York State Thruway Authority (the "Authority"). Plaintiffs sought damages and injunctive relief, including an order compelling the Authority to obtain a permit from the New York State Department of Environmental Conservation. Judge Weinfeld wrote:

To the extent plaintiffs seek an injunction directing the Authority to obtain a permit, they are relegated to an Article 78 proceeding in state court. This being a wholly state cause of action, this Court must respect the limits imposed by the State on the rights of its citizens to hold a public authority accountable to its

laws. The remedies available to private litigants are precise and narrow[:] an action for damages in the Court of Claims or an Article 78 mandamus proceeding in state supreme court. It is not this Court's function to expand these remedies.

460 F.Supp. at 963–64 (footnotes omitted). I agree with Judge Weinfeld.

My ruling, however, does not prohibit Cartagena from attacking the Pension Fund's decision in this Court to the extent she has a basis independent of her Article 78 claim for doing so. For example, if she wishes to attack the Pension Fund decision under § 1983 on the basis that it violates her constitutional right to equal protection, I would have jurisdiction over that claim and I would be inclined to allow her to amend her amended complaint to add that claim. In addition, if she has any claim under state law by which she can challenge the Pension Fund's decision that can be brought in federal court, in the circumstances here, I would be inclined to exercise supplemental jurisdiction over it—if I am permitted by law to do so.

Accordingly, Cartagena's motion for leave to amend or to add an Article 78 claim is denied; it is granted to the extent she wishes to add claims based on the Pension Fund decision independent of her Article 78 claims.

SO ORDERED.