**Maureen MCNAMARA, Plaintiff–Appellant,**

v.

**Chief Judge Judith S. KAYE, New York Court of Appeals, Presiding Justice A. Gail Prudenti, Supreme Court of the State of New York, Appellate Divi-**

178

sion, Second Judicial Department, Grievance Committee, Ninth Judicial District, Gloria Bunze, Gary L. Casella, its attorneys, "John Doe," "Jane Roe," individually, State of New York, Defendants–Appellees.*

No. 08–4561–cv.

United States Court of Appeals, Second Circuit.

Oct. 20, 2009.

Michael D. Diederich, Jr., Stony Point, NY, for Appellant.

Andrew M. Cuomo, Attorney General of the State of New York. Barbara D. Underwood, Solicitor General, Michelle Aronowitz, Deputy Solicitor General, Richard O. Jackson, Assistant Solicitor General, Of Counsel, for Appellees.

PRESENT: DENNIS JACOBS, Chief Judge, ROBERT D. SACK and GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Plaintiff, Maureen McNamara, appeals from a judgment entered August 18, 2008 in the United States District Court for the Eastern District of New York (Irizarry, J.). On defendant's motion, the district court dismissed McNamara's claims for lack of subject-matter jurisdiction and for failure to state a cause of action. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We have considered McNamara's arguments, and they are without merit. The majority of her claims fail on one or more of the doctrines of sovereign immunity, official judicial immunity, and standing. Arguably, claims under the ADA; the First Amendment; and the Due Process, Equal Protection, and Guarantee clauses survive; however, to the extent that they do, McNamara has not plausibly pleaded sufficient facts to survive a motion to dismiss. Her CPLR Article 78 claim fails for lack of subject-matter jurisdiction. *See Morningside Supermarket Corp. v. N.Y. State Dep't of Health,* 432 F.Supp.2d 334, 346 (S.D.N.Y.2006); *Cartagena v. City of N.Y.,* 257 F.Supp.2d 708, 710 (S.D.N.Y. 2003).

We note finally, in dicta, that we do not rely upon the district court's application of the *Rooker–Feldman* doctrine in affirming. *Rooker–Feldman* only applies when the requested federal court remedy of an alleged injury caused by a state court judgment would require overturning or modifying that state court judgment. *See Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77, 85 (2d Cir.2005). Inasmuch as McNamara's claims challenge the procedures applied in all attorney disciplinary proceedings and seek damages and prospective relief rather than a modification of her suspension or reinstatement orders, her claims would not appear to be barred by *Rooker–Feldman.* Nevertheless, her claims were properly dismissed for the reasons noted above.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

* We direct the Clerk of the Court to amend the     official caption as noted.