■ FIRST NATIONAL BANK OF CORTLAND, Respondent, v INTERMONT, INC., et al., Appellants.—Appeal from an order and judgment of the Supreme Court at Special Term, entered September 23, 1974 in Cortland County. Special Term denied defendants' cross motion for an order setting aside the foreclosure sale herein based upon a claim of inadequacy of price, and granted plaintiff's motion for an order confirming the referee's report of sale. Following a hearing granted on defendants' motion, the court determined that the fair and reasonable market value of the real property was the sum of $227,500, and a deficiency judgment was directed to be entered against the individual and corporate guarantors of the mortgage in the sum of $80,213.69. The real property was purchased at the foreclosure sale by the Small Business Administration, guarantor of plaintiff's loan, for the amount of its bid of $227,500. Defendants contend on this appeal that the foreclosure sale was a forced one, and the trial court was in error in using the purchase price at the sale as fair market value of the property. The real property consists of 1,138 acres of land, with about 419 acres developed for ski purposes. The remaining 719 acres are unimproved. The property was operated as a commercial ski facility from 1967 through the early winter of 1972. Due to financial difficulty and subsequent bankruptcy, the ski slopes and tows were not operated during the winters of 1972-1973 and 1973-1974. Upon a motion for a deficiency judgment the court shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment. (Real Property Actions and Proceedings Law, § 1371.) It is not disputed that "fair and reasonable market value" of real property is the amount established between a willing buyer and a willing seller under ordinary circumstances in an open market, and Special Term recognized this concept. However, when it is not possible to make comparisons of arms-length sales of similar property in similar locations, and at the same approximate time, because of existing market conditions, resort must be had to intrinsic factors to determine value *(Heiman v Bishop,* 272 NY 83). The record makes clear that there was no evidence before the court of similar sales of ski areas from which value could be determined. In arriving at its determination the court did consider the prior business experience of the property as a ski area, location, nature of improvements, the result of other efforts to sell the property, and the opinions of expert real estate appraisers. As noted by Special Term, the public auction at which the property was sold was extensively advertised in several newspapers in addition to the advertising provided for by statute, and while numerous inquiries concerning the property were received, only two bids were submitted, one for $10,001.20, and the other for $25,127. It is true that the bid of the Small Business Administration represents merely that agency's opinion of value of the property. No offers, however, were made of any greater sum despite the serious efforts made to attract prospective purchasers. On the evidence before it, and in the exercise of its best judgment, the trial court should determine the market value of the premises in the circumstances existing at

the time of the sale *(Heiman v Bishop,* 272 NY 83, *supra;* Real Property Actions and Proceedings Law, § 1371). We cannot say that Special Term erred in arriving at its determination. Order and judgment affirmed, without costs. Koreman, P. J., Greenblott, Main, Larkin and Reynolds, JJ., concur.