■ MARINE MIDLAND BANK, N. A., as Successor in Interest to MARINE MIDLAND BANK, Appellant-Respondent, v HARRIGAN ENTERPRISES, INC., et al., Respondents, and PHILIP J. HARRIGAN, Respondent-Appellant, et al., Defendants.—Weiss, J. Cross appeals (1) from an order of the Supreme Court at Special Term (Harlem, J.), entered March 12, 1985 in Otsego County, which, inter alia, confirmed a Referee's report of sale in a mortgage foreclosure action and awarded a deficiency judgment, and (2) from the judgment entered thereon.

In November 1978, plaintiff, as mortgagee, entered into an agreement with defendant Harrigan Enterprises, Inc., consolidating two previous mortgages on premises located at 9, 11 and 13 South Main Street in the City of Oneonta, Otsego County. Thereafter, plaintiff obtained a judgment of foreclosure and sale in the amount of $141,086.72, plus additional costs of $30,156.05. Among the additional cost items was the sum of $25,477.87 for real estate taxes paid by plaintiff. Plaintiff purchased the property at public auction for $25,000. As directed by the judgment, the Referee made and filed his report of sale in which he found a deficiency against defendants Philip John Harrigan (hereinafter Harrigan), Harrigan Enterprises, Inc., and defendant R. C. Sharp Development Corporation. Plaintiff thereafter moved for an order confirm-

ing the Referee's report of sale and directing entry of a deficiency judgment. Harrigan cross-moved for an order directing a hearing on the issue of fair market value. Following a hearing, Special Term fixed the fair market value of the subject property at $145,275 and, applying said sum together with a surplus of $4,759.25 in the receiver's account against the judgment, awarded a deficiency judgment in the sum of $21,208.52. Harrigan then moved to vacate so much of the order as held him individually liable for the deficiency. Special Term denied Harrigan's motion, holding that a written agreement of guarantee executed by him in favor of plaintiff on October 10, 1978 was a continuing one sufficiently broad to embrace all extensions of credit by plaintiff to Harrigan Enterprises, Inc., no matter how characterized, and held Harrigan liable for payment of the deficiency. Special Term then confirmed the Referee's report of sale and judgment was entered for the deficiency of $21,208.52 against Harrigan, Harrigan Enterprises, Inc., and R. C. Sharp Development Corporation. Both plaintiff and Harrigan have appealed.

We find that Harrigan's contention, that his guarantee did not extend to taxes on the subject property but was limited solely to principal, interest and the expenses of foreclosure, is without merit. The guarantee agreement was made to plaintiff "in consideration of any extension of credit * * * heretofore or hereafter made * * * to Harrington Enterprises * * * with respect to any Indebtedness or otherwise". The guarantee further stated that "the undersigned hereby guarantees the full and prompt payment * * * of any and all Indebtedness and other liabilities of the Borrower to [plaintiff], whether now existing or hereafter incurred, of every kind and character, direct or indirect". The only limitation was the amount of the guarantee, $100,000. By the terms of the existing mortgage agreement, the borrower was liable for the payment of all real estate taxes. Upon default, plaintiff, as mortgagee, was authorized to make payment, at which time the amount paid would become a lien on the property secured by the mortgage (Real Property Law § 254 [6]). Since Harrigan, as guarantor, assumed the obligation to satisfy all "indebtedness" due plaintiff, this guarantee necessarily extended to the tax lien, which comprised part of the deficiency judgment (see, 2 Callaghan's Mortgages and Mortgage Foreclosure in New York § 38:6, at 343 [rev ed]). Accordingly, Special Term correctly held the guarantee applicable.

We similarly reject plaintiff's argument that Special Term's decision as to the value of the subject property was unsup-

ported and against the weight of evidence. By statute, a mortgagee is entitled to a deficiency judgment equal to the amount of the indebtedness, less the sale price of the property or the fair market value, whichever is higher (RPAPL 1371 [2]; *see, Onondaga Sav. Bank v Cale Dev. Co.,* 63 AD2d 415). After a hearing, the court discounted the $38,000 value determined by plaintiff's appraiser as "so unreal, so far from anyone else's suggestion of value it was rejected completely". The court then explained in detail its computations using the testimony and appraisal of Calvert I. Bailey, Harrigan's expert witness, to arrive at a value of $145,275. For purposes of comparison, the court then applied the equalization rate to the current assessment and calculated a value only slightly higher than that arrived at in utilizing the Bailey appraisal. Whether plaintiff met its initial burden of making a prima facie showing of value presented a factual question for the court to resolve based on the entire record *(see, National Bank v Systems Home Improvement,* 69 AD2d 557, 562, *affd* 50 NY2d 814). In our view, the court's determination was well within the range of the expert testimony and was adequately explained *(see, Onondaga Sav. Bank v Cale Dev. Co., supra,* p 418; *see also, Taccone v State of New York,* 92 AD2d 632).

Order and judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.