■ CASPER J. WATERMAN et al., Respondents, v IRENE M. KATCHUK, Appellant, et al., Defendant.—Casey, J. Appeal from an amended judgment of the Supreme Court (Smyk, J.), entered May 2, 1986 in Tioga County, which granted plaintiffs' motion to confirm a Referee's report of sale in a mortgage foreclosure action and granted plaintiffs a deficiency judgment against defendant Irene M. Katchuk.

In this mortgage foreclosure action, defendant Irene M. Katchuk contends that Supreme Court erred in determining the fair and reasonable market value of the subject premises, as of the date when the premises were bid in at auction, without conducting a hearing. Although the documentary proof in the record provided an ample basis for Supreme Court to make a determination as to fair market value without a hearing *(see,* RPAPL 1371 [2]), we conclude that the court erred in accepting the $33,704.10 purchase price at the foreclosure sale as the fair market value of the premises.

Plaintiffs were the purchasers at the auction, and the purchase price was the principal balance due on the bond and mortgage. Less than two weeks after purchasing the property at auction, plaintiffs entered into a contract for the sale of the premises, and a recent sale has been described as "evidence of the 'highest rank' in determining the true market value of real property" *(Onondaga Sav. Bank v Cale Dev. Co.,* 63 AD2d 415, 420 [Simons, J.]). In an affidavit submitted to Supreme Court along with the sales contract, plaintiffs' attorney requested that the court accept the sales price as the fair market value of the premises as of the date of the auction. Since plaintiffs requested that the court base its determination upon this sales price, and since there is nothing in the record to suggest that the sale was not an arm's length transaction, the court's use of the substantially lower price bid in at auction by plaintiffs was erroneous.

The sales contract contains a price of $40,000 and plaintiffs contend on appeal that Supreme Court could properly subtract certain repair costs and take into account that the property was not in good repair in making its determination of fair market value. We disagree. With the exception of some minor roof repairs, the sales price in the contract was the agreed-upon price for the premises in its then state of repair (or disrepair), and the record contains no proof to support plaintiffs' claim that they made substantial repairs to the premises prior to the sale. The contract does, however, require that plaintiffs make certain roof repairs or give the purchasers an $800 credit at closing. We conclude, therefore, that the fair market value of the premises on the date of the foreclosure sale was $39,200.

Judgment modified, on the law and the facts, without costs, by increasing the fair and reasonable market value figure in the second and third decretal paragraphs to $39,200 and by reducing the deficiency judgment in the fourth decretal paragraph to $5,520.10, and, as so modified, affirmed. Main, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.