■ ADIRONDACK TRUST COMPANY, Respondent, v ROS ASSOCIATES et al., Appellants, et al., Defendants.—Mahoney, P. J. Appeal (1) from an order of the Supreme Court (Brown, J.), entered July 28, 1987 in Saratoga County, which, *inter alia,* awarded a deficiency judgment against certain defendants as mortgagees and/or guarantors of a foreclosed property, and (2) from the judgment entered thereon.

By agreement and note dated October 15, 1984, plaintiff and defendants ROS Associates and John W. Gamble consolidated five existing bonds and mortgages on real property known as the Downstreet Marketplace in the City of Saratoga Springs, Saratoga County, into a single mortgage and note for $481,655.23. By guarantee also dated October 15, 1984, defendants Peter Rosenfeld, Barbara Rosenfeld, Jay M. Rosovsky and Gamble personally guaranteed that ROS and Gamble would repay plaintiff up to $482,000.[1]

ROS and Gamble failed to make several required payments. After various attempts to sell the property were unsuccessful, plaintiff commenced foreclosure proceedings in August 1986.[2] After a Referee concluded that through October 31, 1986 ROS and Gamble owed plaintiff $465,310.66 on the note and mortgage and the City of Saratoga Springs $59,725.74 in delinquent taxes, plaintiff moved for a foreclosure sale. Supreme Court, *inter alia,* confirmed the Referee's report, granted plaintiff judgment of $465,310.66, plus $1,205.10 in costs, disbursements and allowances, and ordered a foreclosure sale of the property at public auction. No appeal was taken from the order and judgment entered thereon.

At the December 10, 1986 foreclosure sale, plaintiff outbid the 25 to 30 others present and purchased the property for $390,000, subject to some $68,000 in delinquent taxes then due. Plaintiff then moved to confirm the foreclosure sale and for a deficiency judgment against defendants. Plaintiff also promptly sold the property to other investors for $465,000.

1. Barbara Rosovsky also executed the guarantee, but apparently service was not effective against her. Thus, she is not a party to this matter.

2. Certain tenants of the property were named as defendants, but they are not involved in this appeal. Hereinafter, references to defendants in this decision are to ROS, Gamble, Rosovsky and the Rosenfelds only.

The Referee fixed the deficiency at $92,449.11, the difference between the judgment amount plus interest and the purchase price at auction plus some adjustments. Defendants objected to the entry of a deficiency judgment, claiming that the property's fair market value was in excess of the $390,000 auction price. Supreme Court held a hearing on the value of the property and the significance of the guarantee, the parties agreeing that the latter issue was a question of law. Both sides offered testimony by appraisers and other evidence concerning the value of the property. Supreme Court found that the fair market value of the property was $458,365.72, the amount paid by plaintiff at auction plus $68,365.72 in delinquent taxes. Using this figure, Supreme Court computed a deficiency of $64,645.05 and awarded plaintiff judgment against ROS and Gamble in this amount. Supreme Court further awarded judgment against the guarantors in the amount of $79,086.90,[3] which represents the deficiency amount, plus $18,727 for plaintiff's legal fees and disbursements less $4,295.15 as plaintiff's net gain on the subsequent sale of the property. This appeal by defendants followed.

Initially, we reject defendants' primary contention that Supreme Court's assessment of the property's fair market value was erroneous. The price paid at a public auction can reflect a foreclosed property's fair market value (see, *First Natl. Bank v Intermont, Inc.,* 53 AD2d 760). A recent sale is "evidence of the 'highest rank' in determining the true market value of real property" (*Onondaga Sav. Bank v Cale Dev. Co.,* 63 AD2d 415, 420). In this case, the auction price, including the delinquent tax amount, and the subsequent sale price are almost identical. Because these prices reflect a parcel's fair market value, we cannot fault Supreme Court's use of these prices to value the property. The other figures suggested by defendants amount to mere offers to purchase or unconsummated contingent contract prices, which are not sales and are no more dispositive of the property's value than the unsuccessful auction bids. Furthermore, Supreme Court, as the trier of fact, was within its discretion to reject the values suggested by the parties' appraisers. The case of *Waterman v Katchuk* (129 AD2d 877), relied upon by defendants, does not require a different result. In *Waterman,* we increased the fair market value from the foreclosure sale price to a subsequent sale price in large part because even the plaintiff had asked

---

**3.** Our computation reveals that this figure should be $79,076.90 and we adjust the order and judgment accordingly.

Supreme Court to use the latter as the appropriate value *(supra)*. Such is not the case here.

We next reject defendants' variously framed claims that the guarantee is not applicable or is limited to an amount less than $482,000. The guarantee clearly and unequivocally applies to any loans made by plaintiff to ROS and Gamble, with certain exceptions not applicable here, up to $482,000. The debt at issue falls squarely within the guarantee's broad language. We also reject as unsupported in the record any suggestion by defendants that plaintiff acted improperly.

We do find error with Supreme Court's inclusion of $18,727 for plaintiff's counsel fees against the guarantors. The guarantee was limited to money lent by plaintiff and counsel fees cannot be considered as such. Indeed, the judgment against ROS and Gamble does not include any award to plaintiff for counsel fees. Thus, the order and judgment as against the guarantors must be reduced by $18,727.

Order and judgment modified, on the law, without costs, by deleting any references to an award of counsel fees to plaintiff from the guarantors and modifying the judgment amount against said guarantors from $79,086.90 to $60,349.90, and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.