HUDSON CITY SAVINGS INSTITUTION, Appellant, v STANTON M. DRAZEN et al., Defendants, and DAVID F. CROWLEY, Respondent.

Third Department, January 4, 1990

APPEARANCES OF COUNSEL

*Scolaro, Shulman, Cohen, Lawler & Burstein, P. C. (William J. Leberman* of counsel), for appellant.

*Patrick J. Raymond* for respondent.

## OPINION OF THE COURT

YESAWICH, JR., J.

In December 1985, plaintiff commenced an action to foreclose a mortgage on a seven-story office building located in the City of Binghamton, Broome County, commonly known as the O'Neill Building; a receiver was appointed to collect rents and profits during the pendency of the action. A judgment of foreclosure and sale in the amount of $545,927.31, together with costs, disbursements and interest, was entered against defendants David F. Crowley, Stanton M. Drazen and Bruce A. Drazen in October 1987. The property was sold at public auction for $376,000 on November 30, 1987. Plaintiff then moved to confirm the Referee's report of sale and for leave to enter a deficiency judgment against Crowley only, the Drazens' indebtedness to plaintiff having previously been discharged in bankruptcy proceedings.

■ ■ Supreme Court confirmed the Referee's report and, after an evidentiary hearing, determined the fair market value of the subject property at the time of the foreclosure sale to be $525,000. Plaintiff was granted a deficiency judgment for $30,350.16 together with $1,744 in interest. The court further directed plaintiff to credit the deficiency judgment by $35,153.63, the amount of the funds remaining in the receiver's account, and to refund the balance, $3,059.47, to Crowley. Plaintiff appeals, claiming that the court's determination of the property's fair market value is both unsupported by and against the weight of the evidence, and further that the court misapplied RPAPL 1371 (4) when it credited the surplus balance in the receiver's account against the deficiency judgment. We disagree.

■ RPAPL 1371 (2) permits a mortgagee in a mortgage foreclosure action to recover a deficiency judgment equal to the amount of the judgment of foreclosure and sale, less the sale price of the property or its fair market value, whichever is higher. Generally, in arriving at the fair market value of income-producing property, capitalization of income is the primary and preferred valuation method; however, it certainly need not, contrary to plaintiff's view, be the exclusive method

*(see, Matter of Burke Apts. v Swan,* 137 AD2d 321, 325; *Onondaga Sav. Bank v Cale Dev. Co.,* 63 AD2d 415, 418). Moreover, the record clearly indicates that Supreme Court relied upon both the income and the market data approaches. Essentially, it adopted, with justified adjustments, defendants' expert's income and market valuations and rejected the valuation advanced by plaintiff's expert, $210,000, because it was less than the actual auction price *(see,* RPAPL 1371 [2]). The court's findings, being well within the range of the testimony offered, are to be upheld *(see, Onondaga Sav. Bank v Cale Dev. Co., supra).*

■ Plaintiff's remaining contention, that Supreme Court wrongly applied the receiver's account surplus, is similarly unpersuasive. Plaintiff maintains that the $35,153.63 surplus remaining in the receiver's account should have been awarded to it by reason of RPAPL 1371 (4), which provides, in pertinent part: "[I]rrespective of whether a motion for a deficiency judgment shall have been made or, if made, shall have been denied, the court shall direct that all moneys remaining in the hands of a receiver of the rents and profits appointed in the action, after the payment of the receiver's fees and the expenses of the receivership * * * shall be paid to the plaintiff to the extent of the amount, if any, by which the judgment of foreclosure and sale exceeds the amount paid for the property upon the sale." The money remaining in the receiver's account being less than the difference between the amount of plaintiff's judgment and the price paid for the property at the foreclosure sale, plaintiff interprets this provision as entitling it to the full amount of the surplus.

We find Supreme Court's thoughtful analysis of this issue controlling. When construing statutes, a court should shun objectionable consequences (McKinney's Cons Laws of NY, Book 1, Statutes § 141), strive to further the object, spirit and purpose of the statute (McKinney's Cons Laws of NY, Book 1, Statutes § 96), and avoid a literal construction when such a construction would frustrate the legislative intent (McKinney's Cons Laws of NY, Book 1, Statutes § 111). The principal consideration, of course, is to ascertain and implement the Legislature's design *(Matter of Allstate Ins. Co. v Libow,* 106 AD2d 110, 114, *affd* 65 NY2d 807). Here, the literal language of the statute makes it apparent that a foreclosing plaintiff may recover excess receiver funds only when the amount of its judgment exceeds the purchase price; thus a "double recovery" is impermissible *(see, Continental Bank & Trust Co.*

*v Gedex Realty Corp.,* 60 NYS2d 710, 712). Plaintiff's interpretation contravenes this limitation.

History suggests that the Legislature enacted RPAPL 1371 to protect mortgagors from personal liability during periods when real property had no market value, as during a depression or recession *(First Natl. Bank & Trust Co. v Novick Realty Corp.,* 68 AD2d 191, 195, *mot to dismiss appeal granted* 48 NY2d 653, *lv denied* 49 NY2d 702). Further, RPAPL 1371 (4) was specifically intended to provide mortgagees limited compensation if, after completing the mechanics of foreclosure, the deficiency computation completely erased the mortgagor's debt *(supra,* at 195-196). Where, as here, the indebtedness will be satisfied, slavishly following the statutory provision will not further the legislative goal *(see, supra,* at 196). In addition, plaintiff is not entitled to this money as compensation for simply bringing the foreclosure action.

This issue appears not to have been resolved in the context of RPAPL 1371 (4). That statute, however, mirrors its statutory predecessor, former Civil Practice Act § 1083, the judicial construction of which, for over a half a century, has been that the surplus from a receiver's account is to be credited against a deficiency judgment *(First Natl. Bank & Trust Co. v Jones,* 250 App Div 140, 141-142; *see, Continental Bank & Trust Co. v Gedex Realty Corp., supra,* at 712). Absent any legislative directive to do so, or substantial change in the language in the replacing statute, there is neither reason nor justification to reach a different result.

MAHONEY, P. J., KANE, MIKOLL and LEVINE, JJ., concur.

Order affirmed, with costs.