■ ARC MACHINING AND PLATING, INC., Appellant, v CALVIN A. DIMMICK, Respondent, et al., Defendants. [656 NYS2d 549] —White, J. P. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered January 31, 1996 in Broome County, which granted plaintiff's motion for a deficiency judgment.

Having sought a deficiency judgment of $238,201.13 in this action to foreclose a mortgage, plaintiff appeals from the judgment awarding it $13,201.13. Briefly, this action involves two commercial properties, a four-story manufacturing building

and a parking lot located in the City of Binghamton, Broome County, that defendant mortgaged to plaintiff as security for two promissory notes totaling approximately $336,000. Subsequently, due to defendant's failure to perform his obligations under the mortgage, plaintiff obtained a judgment of foreclosure and submitted the highest bid ($100,000) at the foreclosure sale. It then sought a deficiency judgment, submitting, in accordance with RPAPL 1371 (2), an appraisal that the fair and reasonable market value of the mortgaged premises as of the date of the foreclosure sale was $134,000. Defendant opposed the motion, producing an appraisal valuing the properties at $350,000.

Faced with these divergent appraisals, Supreme Court conducted an evidentiary hearing. At its commencement, plaintiff sought to introduce a more detailed appraisal report. Defendant's objection thereto was sustained, leaving plaintiff to rely on its original appraisal. As noted by Supreme Court, this appraisal, predicated upon the comparable sales method, was deficient in that it failed to indicate what adjustments the appraiser had made and his explanations for them (*see, Matter of County of Dutchess [285 Mill St.]*, 186 AD2d 891, 892). Despite this omission, plaintiff's appraiser was permitted to explain how he arrived at the square footage valuations for the comparable properties that were contained in his appraisal, but was precluded from offering testimony regarding adjustments that apparently were made subsequently by him which resulted in lower square footage values not set forth in his appraisal. Supreme Court's rationale for foreclosing such testimony was that plaintiff failed to disclose the revised valuation figures to defendant prior to the hearing.

Plaintiff contends that Supreme Court improperly precluded its appraiser's testimony, particularly since it appears to have relied on the rules applicable to tax assessment review proceedings (22 NYCRR 202.59 [g] [2]; [h]). Plaintiff's argument is overstated since Supreme Court did not rely on the cited rules, but only alluded to them as evidence of the strong policy favoring pretrial disclosure. In any event, the preclusion of the subject testimony was, at most, harmless error.

In matters of this type, the trial court enjoys broad discretion in that it can reject expert testimony and arrive at a determination of value that is either within the range of expert testimony or supported by other evidence and adequately explained by the court (*see, Matter of County of Dutchess v Dutchess County Indus. Dev. Agency*, 213 AD2d 635; *Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture*

*Co.],* 160 AD2d 705; *Marine Midland Bank v Harrigan Enters.,* 118 AD2d 1035, 1037). This is the procedure Supreme Court followed here for it adopted the valuation established by defendant's expert and adequately explained its reasons for doing so. Therefore, inasmuch as the record is barren of any evidence that Supreme Court abused its discretion in following this course, we affirm its judgment.

Casey, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.