**31** CHAMPLAIN NATIONAL BANK, Respondent, v ROBERT J. BRIGNOLA et al., Appellants. [671 NYS2d 196] —Mercure, J. Appeal from an order of the Supreme Court (Dawson, J.), entered November 7, 1996 in Essex County, which granted plaintiff's motion to, *inter alia*, confirm a Referee's report of sale.

Plaintiff foreclosed upon two mortgages on defendants' properties in the Town of Westport, Essex County, and in February 1996 obtained an amended judgment of foreclosure and sale establishing the amount due at approximately $114,000 plus costs and disbursements, interest and counsel fees, and directing the public sale of the properties. The sale took place in May 1996; plaintiff was the high bidder and purchased the properties for $75,000. On June 21, 1996, the Referee filed his report of sale calculating a deficiency of $88,614.36 based upon the difference between the sums found to be due plaintiff and the sale price. Defendants having filed no exceptions to the report, plaintiff thereafter moved to confirm the Referee's report of sale and for a deficiency judgment in the amount of $78,614.36, crediting defendants with the $85,000 appraised value of the property rather than the $75,000 sale price. On September 12, 1996, an amended Referee's report of sale was filed, fixing the deficiency at $77,461.74. Shortly thereafter, defendants submitted *pro se* papers opposing the motion and requesting a hearing and a period of 30 days in which to prepare for it. Finding that defendants' submission presented

nothing more than unsubstantiated lay opinion as to the market value of the properties and failed to raise a material issue of fact, Supreme Court granted plaintiff's motion. Defendants appeal.

We affirm. Initially, we are unpersuaded by defendants' primary contention, that the appraisal report relied upon by Supreme Court was fundamentally flawed because its assumptions, calculations and conclusions were not adequately explained and because it was not certified in accordance with the Uniform Standards of Professional Appraisal Practice. As correctly argued by plaintiff, the claimed deficiencies in the appraisal report did not preclude its consideration by Supreme Court; rather, the assertions of error merely bore on the question of the weight to be given it (*see, Ensign v City of Hudson*, 93 AD2d 963; *Broward Natl. Bank v Starzec*, 30 AD2d 603, 604). In view of defendants' failure to submit any contrary evidence, we conclude that Supreme Court did not err in adopting the values submitted by plaintiff's appraiser without conducting a hearing on the fair and reasonable market value of the properties (*see, Aaron v Kent*, 182 AD2d 960, 962; *Evergreen Bank v D & P Justin's*, 152 AD2d 898, 899, *lv denied* 75 NY2d 701; *Marine Midland Bank v Harrigan Enters.*, 118 AD2d 1035).

Defendants' remaining contentions have been considered and found to be also unavailing. The argument that Supreme Court should have fixed the properties' value on the basis of their tax assessments was not raised in Supreme Court and thus is not properly before us (*see, Trustco Bank N. Y. v Collins*, 213 AD2d 819; *B.T.R. E. Greenbush v General Acc. Co.*, 206 AD2d 791, 793, *lv denied* 84 NY2d 808). Contrary to defendants' assertion, the appraisal report did not fix the properties' current market value in the range of $95,000 to $100,000. Rather, the appraiser stated that such values could be obtained only upon the conditions and with substantial site improvements (including removal of two mobile homes, an underground electric service and a septic system, physical improvements to an existing dwelling and installation of a drilled well) identified in the report. Next, although the Referee did make a $10,000 error in his report, in its order establishing the amount of the deficiency, Supreme Court specifically recognized that defendants were to be credited with the higher of the sale price or the market value of the properties, as provided in RPAPL 1371 (2), made a $10,000 downward adjustment from the deficiency as calculated in the Referee's report and, in any event, reached the correct result. Finally,

defendants having filed no exception to the Referee's report of sale and in the absence of any competent contrary evidence, Supreme Court did not err in crediting so much of the report as indicated that plaintiff paid the real property taxes on the properties for the years 1992 to 1996.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.