■ UNION CHELSEA NATIONAL BANK, by 190A REALTY CORP., as Successor in Interest, Respondent, v RUMICAN 190 CORPORATION et al., Appellants. [683 NYS2d 530] —Judgment, Supreme Court, New York County (Paula Omansky, J.), entered September 11, 1997, which, in a mortgage foreclosure action, confirmed the Referee's report of sale, and awarded plaintiff a deficiency judgment in the amount of $1,032,689.80 plus interest from December 13, 1996, unanimously modified, on the law and the facts, to reduce the deficiency judgment to $954,418.75 plus interest from December 13, 1996, and otherwise affirmed, without costs.

The real estate broker's affidavit submitted by plaintiff to establish the market value of the property was properly considered (*see, Broward Natl. Bank v Starzec*, 30 AD2d 603), and was sufficient to establish market value, without a hearing, where defendants did not present their own valuation as of the time of the sale, and their conclusory references to alleged appraisals rendered years earlier and criticisms of the broker's methodology were insufficient to raise triable issues of fact (*see, Union Natl. Bank v Johnson*, 209 AD2d 775). Defendant's arguments with respect to the judgment of foreclosure, plaintiff's standing and unaccounted funds were either repetitive of issues previously determined, or, if new, were raised in a conclusory fashion. However, in equity, defendants should not be held responsible for the 228-day delay between April 29, 1996 and December 13, 1996 (the period between the scheduled closing date per the terms of sale and the delivery of the deed to plaintiff), caused by plaintiff's voluntary bankruptcy filing. The interest award is reduced by $43,862.40 ($741,198.64 amount of judgment $\times$ 9% = $182.76 interest per day), and the real estate tax award is reduced by $18,033 ($27,425.19 real estate taxes in calendar year 1996 $\times$ 240/365) for that period. Defendants are also entitled to a reduction in the judgment for the $16,375.65 in the hands of the receiver that was paid to plaintiff (*see, Golden City Commercial Bank v Hawk Props. Corp.*, 240 AD2d 218). We have considered defendants' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Lerner, Rubin and Tom, JJ.