■ Trustco Bank, National Association, Formerly Known as Trustco Bank New York, Respondent, v Edward W. Gardner et al., Appellants, et al., Defendants. [711 NYS2d 597] —Mercure, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered June 30, 1999 in Albany County, which granted plaintiff's motion to confirm a Referee's report and awarded a deficiency judgment against defendants Edward W. Gardner and Lynn C. Gardner as mortgagors of the foreclosed properties.

Defendants Edward W. Gardner and Lynn C. Gardner (hereinafter collectively referred to as defendants) were the owners of two adjoining parcels of real property located at 5 Wolfert Avenue and 14 North Broadway in the Village of Menands, Albany County. In June 1989, defendants executed a mortgage in favor of plaintiff, giving plaintiff a first mortgage lien on the 5 Wolfert Avenue property and a second mortgage lien on the 14 North Broadway property. Defendants defaulted on the underlying note, and plaintiff commenced a foreclosure action and ultimately obtained a judgment of foreclosure and sale in the amount of approximately $487,000. The properties were sold to plaintiff at a June 29, 1998 foreclosure sale for a total of $375,000 ($175,000 for 5 Wolfert Avenue and $200,000 for 14 North Broadway).

In October 1998, plaintiff moved for an order confirming the Referee's report of sale and for leave to enter a deficiency judgment against defendants in the amount of $207,602.99. Upon defendants' objection to the proposed amount of the deficiency judgment, a hearing was held in June 1999 to determine the fair market value of the properties as of the date of the foreclosure sale. After receiving documentary evidence and the testimony of experts presented by plaintiff and defendants, Supreme Court established the value of the properties at $375,000, based upon the amount bid by plaintiff at the foreclosure sale. Defendants appeal.

We affirm. When calculating the amount of a deficiency judgment, the court must first determine "the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction" (RPAPL 1371 [2]; *see, Colum-*

*bus Realty Inv. Corp. v Gray*, 240 AD2d 529, 530). At the hearing, plaintiff offered competent evidence of value based upon the $375,000 bid plaintiff made at the foreclosure sale (*see, Adirondack Trust Co. v ROS Assocs.*, 144 AD2d 827, 828), a certified appraisal utilizing the market data and capitalization of income approaches and fixing the value of the properties at $330,000 (*see, Hudson City Sav. Inst. v Drazen*, 153 AD2d 91, 92-93) and the $325,000 sale price as reflected in a contract of sale entered into shortly after the foreclosure sale (*see, Plaza Hotel Assocs. v Wellington Assocs.*, 37 NY2d 273, 277).

In opposition, defendants presented evidence prepared by their appraiser, Mark Chesnut, in the form of an uncertified one-page "Summary Appraisal Report," in which he valued the properties at a total of $508,000. Defendants also presented Chesnut as a witness. Notably, Chesnut acknowledged that defendants had retained him to perform a complete formal appraisal of the properties but, when they found themselves unable to pay, he proceeded to prepare only "an estimate of value without completing the full appraisal". Chesnut also admitted that he had arrived at the value of $508,000 without knowledge that the properties were in violation of the Village of Menands Building Code based upon their nonconforming roofs, fire doors, firewalls, sprinkler systems, exit doors, electrical and heating systems, and was also unaware that oil storage tanks were buried on the properties.

In view of the foregoing, we conclude that Supreme Court was entitled to reject the evidence submitted by defendants and to establish the properties' value on the basis of the amount bid by plaintiff at the foreclosure sale (*see, Adirondack Trust Co. v ROS Assocs., supra*), which we note was the highest of the various indicators of value presented by plaintiff. Defendants' additional arguments have been considered and found to be unavailing.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.