■ ADIRONDACK TRUST COMPANY et al., Respondents, v LOUIS J. FARONE, JR., et al., Appellants, et al., Defendants. [724 NYS2d

—Mercure, J. Appeal from an order of the Supreme Court (Keniry, J.), entered December 28, 1999 in Saratoga County, which, *inter alia,* determined the fair market value of the subject property for purposes of determining a deficiency judgment against defendant Margaret A. Farone and directed the Referee to execute a corrective deed to plaintiff Tomsargo Corporation to include the "Brook" parcel.

Following the default by defendant Louis J. Farone, Jr. on a series of 31 promissory notes he executed in favor of plaintiff Adirondack Trust Company (hereinafter plaintiff), plaintiff commenced this action to foreclose the mortgages given to secure those notes, mortgaging real property owned by, among others, Farone and his wife, defendant Margaret A. Farone (hereinafter collectively referred to as defendants).* Supreme Court granted summary judgment in favor of plaintiff and appointed a Referee to sell the many parcels of defendants' property covered by the mortgages. The Referee aggregated the properties into four large groupings, designated parcels I, II, III and IV, and sold them in numerical order. The sales did not realize funds sufficient to satisfy the judgment in favor of plaintiff, and plaintiff moved for a deficiency judgment. Supreme Court granted defendants' motion for a hearing on the issue of the properties' fair market value and, at the ensuing hearings conducted in February and August 1999, plaintiff offered certified appraisals as to the fair market value of each of the four parcels. Defendants, however, offered a certified appraisal only as to parcel I.

Subsequently, Tomsargo Corporation, the purchaser of parcel IV, sought to intervene as a plaintiff, claiming that the Referee's deed to it erroneously omitted an approximately six-acre parcel, referred to as the Brook parcel and designated as lots 179-3-8 and 179-3-9 on the tax map of the City of Saratoga Outside Tax District. Finding that a mistake had been made in omitting the Brook parcel from the deed to Tomsargo, Supreme Court ordered the Referee to execute and deliver a corrective deed to Tomsargo including the Brook parcel. Supreme Court also adopted plaintiff's evaluation of all four parcels sold at the foreclosure sale and, based on those values, established the deficiency at $1,249,576.87, including interest through December 23, 1999. Defendants appeal.

We affirm. Initially, we reject the contention that Supreme Court erred in ordering the conveyance of the Brook parcel to Tomsargo. In fact, given the undisputed evidence that the

---

* Additional underlying facts may be gleaned from our decision on a prior appeal (245 AD2d 840, *lv dismissed* 91 NY2d 1002).

Brook parcel was covered by a mortgage in favor of plaintiff and was contained within the property described in the complaint, we seriously question whether defendants have standing to contest so much of Supreme Court's order as directed a corrective deed to Tomsargo. The real controversy is not whether defendants have any interest in the Brook parcel but whether, of the four purchasers at the foreclosure sale, Tomsargo is entitled to that property.

Although the Brook parcel adjoins parcel IV and, thus, would be a logical component of that parcel, the record appears to indicate that the Brook parcel was intended to be conveyed as part of parcel I. In fact, the description of real property set forth in the notice of sale with regard to parcel I purports to include the Brook parcel, and it appears that the Brook parcel was omitted from the Referee's deed of parcel I through inadvertence. Significantly, Sullivan & Powers, Inc., the purchaser of parcel I, has submitted an affidavit in which it "releases any and all claims including any right, title or interest in what is known as 'the Brook Parcel' and * * * hereby assigns any and all interest it may have in 'the Brook Parcel' to Tomsargo." That being the case, and recognizing Supreme Court's authority to correct nonprejudicial irregularities in conveyances (*see, e.g., Chemical Bank v Gardner*, 233 AD2d 606), we conclude that Supreme Court did not err in directing the Referee to execute and deliver the corrective deed.

We also reject defendants' attacks on the appraisals submitted by plaintiff and Supreme Court's resulting determination as to the value of the properties sold at the foreclosure sale and computation of the deficiency. The certified appraisals submitted by plaintiff were more than sufficient to satisfy plaintiff's initial burden on the application for a deficiency judgment (*see, Trustco Bank v Gardner*, 274 AD2d 873) and, in view of defendants' failure to submit appraisals or other expert evidence of valuation with regard to parcels II, III or IV, Supreme Court was not even required to conduct a hearing with respect to those parcels (*see, id.; Champlain Natl. Bank v Brignola*, 249 AD2d 656; *Union Natl. Bank v Johnson*, 209 AD2d 775, *lv denied* 85 AD2d 802).

Although defendants did file an appraisal with respect to parcel I, we conclude that the issues advanced on appeal concerning that parcel merely address conflicts in the expert evidence that Supreme Court was entitled to and did resolve against them (*see, Robinson Saw Mill Works v Speilman*, 265 AD2d 604, 607; *Garvey v Garvey*, 223 AD2d 968, 972). Surely, it was within Supreme Court's discretion as the trier of fact to

reject the values assigned by defendants' appraiser (*see, Adirondack Trust Co. v ROS Assocs.*, 144 AD2d 827, 828) and defendants have not established any compelling basis for our interference with that exercise of discretion (*see, Garvey v Garvey, supra*).

Defendants' additional contentions have been considered and found to be unavailing.

Cardona, P. J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.