■ BTC Mortgage Investors Trust 1997-SI, Appellant, v Altamont Farms, Inc., et al., Respondents. [727 NYS2d 513] —Lahtinen, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered February 24, 2000 in Ulster County, which, *inter alia*, denied plaintiff's motion for a deficiency judgment.

In December 1998, plaintiff obtained a judgment of foreclosure and sale on a fruit farm owned by defendants in the Town of Lloyd, Ulster County, after defendants defaulted on their mortgage to plaintiff. In March 1999, plaintiff purchased the property at the foreclosure sale for $600,000. In July 1999, plaintiff moved pursuant to RPAPL 1371 to confirm the Referee's report of sale and for a deficiency judgment in the amount of $1,253,400 representing the difference between the fair market value of the property in March 1999, which it claims was $700,000,[1] and the amount found to be due under the terms and conditions of the mortgage. Defendants opposed the motion, arguing that there was no deficiency because the fair market value of the property exceeded the total amount due under the terms of the mortgage. After conducting an evidentiary hearing to determine the fair market value of the property at the time of the foreclosure sale and viewing the property, Supreme Court determined that plaintiff did not satisfy its burden of proof and was not entitled to a deficiency judgment, but confirmed the Referee's report of sale. Plaintiff appeals arguing that Supreme Court erred in denying it a deficiency judgment.

Plaintiff argues that Supreme Court erred in determining the highest and best use of the property, in failing to make a determination of the fair market value of the property on the foreclosure sale date, in determining that plaintiff failed to meet its burden of proof and by considering the prior appraisals made by plaintiff's expert appraiser. We find none of plaintiff's arguments persuasive and affirm.

RPAPL 1371 (2) permits the mortgagee in a mortgage foreclosure action to recover a deficiency judgment for the difference between the amount of indebtedness on the mortgage and

---

1. Plaintiff's appraiser originally valued the property at $840,000, which he later amended to $700,000 based on new information that he had received regarding the actual acreage being harvested for fruit.

either the auction price at the foreclosure sale or the fair market value of the property, whichever is higher (*see, Columbus Realty Inv. Corp. v Gray*, 240 AD2d 529, 530; *Marine Midland Bank v Harrigan Enters.*, 118 AD2d 1035, 1037). The mortgagee has the initial burden to make a prima facie showing of the fair market value of the property as of the foreclosure sale date (*see, National Bank v Systems Home Improvement*, 69 AD2d 557, 562, *affd* 50 NY2d 814). If the mortgagee does so, the burden shifts to the mortgagor to establish the highest and best use of the property (*id.*, at 562) which should be used to determine the property's fair market value (*see, e.g., Matter of County of Clinton [Gagnon]*, 204 AD2d 898, 899). In such cases "the trial court enjoys broad discretion in that it can reject expert testimony and arrive at a determination of value that is either within the range of expert testimony or supported by other evidence and adequately explained by the court" (*ARC Machining & Plating v Dimmick*, 238 AD2d 849, 850).

At the outset, we reject plaintiff's claim that Supreme Court failed in its obligation to determine a fair market value for the foreclosed property (*see, Trustco Bank v Gardner*, 274 AD2d 873; *First Natl. Bank v Intermont, Inc.*, 53 AD2d 760). By rejecting plaintiff's proof of fair market value, as it was within the court's discretion to do (*see, Adirondack Trust Co. v Farone*, 282 AD2d 910), and denying the application for a deficiency judgment, the court necessarily determined the fair market value to be that established by defendants' appraiser, the only other evidence of fair market value at the hearing. Since that value exceeded the outstanding mortgage balance after the foreclosure sale, Supreme Court properly determined that no deficiency judgment was warranted.

We also disagree with plaintiff that Supreme Court improperly found the highest and best use of the property to be that propounded by defendants' appraiser—continued operation of the existing apple orchard with potential for redevelopment for both industrial and residential purposes on different portions of the property. A review of the written appraisal and testimony of defendants' experienced expert appraiser reveals that he employed accepted methods of valuation (*see, Mastan Co. v Weil*, 84 AD2d 657) in appraising the property and arriving at its fair market value. Additionally, we do not find the projected highest and best use adopted by Supreme Court to be speculative or lacking in economic feasibility (*compare, Matter of City of New York [Broadway Cary Corp.]*, 34 NY2d 535, 536; *Matter of Consolidated Edison Co. v Neptune Assocs.*, 190 AD2d 669, 670).

We also find nothing improper in Supreme Court's rejection of plaintiff's written appraisal and appraiser's testimony, which was based in part on the vast disparities in valuation between that appraiser's three prior appraisals of this same property in 1985, 1990 and 1995, and his current (1999) appraisal and the different methodology that he utilized for the most recent appraisal. Plaintiff's appraiser previously found the fair market value for this property to be $1,554,000 (1985), $2,225,000 (1990) and $2,194,000 (1995), but in 1999 appraised the same property at $840,000, which was lowered again to $700,000.

Plaintiff's appraiser also appraised the two parcels which constituted this property separately in his first three appraisals,[2] but valued them as one in his appraisal for this foreclosure action. We have previously found in a situation involving more than one parcel that it is more consistent with RPAPL 1371 to separately analyze the parcels in determining a deficiency judgment application (*see, Trustco Bank v 400 Delaware Ave. Prop. Co.*, 256 AD2d 762, 763-764, *lv dismissed and denied* 93 NY2d 869) and find nothing mitigating against application of that concept in this case.

Additionally, we find no abuse of discretion in Supreme Court's stated difficulty reconciling the prior valuations of plaintiff's appraiser with the current one, which caused it to reject the current appraisal, which that court, as the trier of fact, was free to do (*see, Adirondack Trust Co. v Farone, supra*; *Trustco Bank v Gardner, supra*). Defendants' appraisal, which was more in line with plaintiff's prior appraisals, was properly credited by Supreme Court in making its determination of plaintiff's deficiency judgment application and nothing in the record provides cause for us to disturb that determination. Lastly, Supreme Court's determination was further supported by the testimony of Norman Greig, a local fruit and dairy farmer and consultant for plaintiff's predecessor in interest, who opined that the orchard was productive and in good condition with an annual rental value of $150,000.

Mercure, J. P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.

---

2. Defendants' appraiser appraised the parcels separately.