■ In the Matter of Leo Balk, Appellant-Respondent, v 125 West 92nd Street Corporation, Respondent-Appellant. [805 NYS2d 352]—

Order, Supreme Court, New York County (Lewis Bart Stone, J.), entered August 26, 2004, which, in a valuation proceeding pursuant to Business Corporation Law §§ 1104-a and 1118, inter alia, valued petitioner's shares in the subject cooperative housing corporation, unanimously affirmed, with costs in favor of respondent, payable by petitioner.

Petitioner remained in occupancy of the subject apartment from January 15, 2004, the date of valuation of his shares, to November 5, 2004, when petitioner was paid the principal amount of $825,000 for the shares (the valuation period). We are satisfied that equity was accomplished by a "closing adjust-

ment" that did not award petitioner any interest on the $825,000 but also did not award respondent any use and occupancy over and above petitioner's maintenance of $973 a month. This was accomplished in effect by the valuation court, by a closing adjustment that awarded interest to petitioner and use and occupancy above maintenance to respondent in unstated amounts that were deemed to be equal and offsetting. Such adjustment fairly balanced petitioner's right to payment for his shares with interest as of the beginning of the valuation date (Business Corporation Law § 1118 [b]; *see Matter of Blake v Blake Agency*, 107 AD2d 139, 150-151 [1985], *lv denied* 65 NY2d 609 [1985]) against the fact that petitioner's maintenance was well below the apartment's fair rental value. That is, if petitioner were to retain occupancy of the apartment during the valuation period, and also be paid for his shares with interest over that period, he should not also reap the reward of a shareholder discount over that period by paying only maintenance, and should instead be treated as an ordinary tenant. We note that in consistent fashion, the valuation court did not require petitioner to pay any shareholder assessments imposed or expenses incurred after the valuation date, in effect directing the few other shareholders in this four-unit, five-story building to absorb the corporate expenses appurtenant to petitioner's shares incurred during the valuation period. While the evidence of fair rental value was insufficient, there being only respondent's expert's "unresearched, off-the-cuff" estimate of "something over" $3,000 a month, there is no refuting evidence, and we rely on this estimate as some corroboration that the difference between petitioner's maintenance and the apartment's fair rental, i.e., the amount of interest awarded as a result of the offset, while substantially less than 9% of $825,000 prorated over the valuation period, is not inconsiderable (*cf. Champlain Natl. Bank v Brignola*, 249 AD2d 656, 657 [1998]). An award of interest at less than the legal rate is warranted because petitioner's shares could have been sold on the open market.

Assuming postvaluation date events can be relevant to a section 1118 valuation, there is no credible evidence as to what the discount should be for the other pending litigation brought by petitioner against respondent and its shareholders. Although respondent's expert testified that an impact was possible, he indicated that an experienced real estate attorney would have to assess the viability of the other litigation to determine the extent of that impact. No such evidence was presented.

We have considered the parties' other arguments for affirma-

tive relief and find them unavailing. Concur—Tom, J.P., Friedman, Nardelli, Sweeny and Malone, JJ.