■ TRUSTCO BANK, Respondent, v DONETTA C. DECARO, Appellant. [915 NYS2d 760]—

---

Kavanagh, J. Appeal from a judgment of the Supreme Court (Reilly Jr., J.), entered February 5, 2009 in Schenectady County, to, among other things, confirm a referee's report of sale.

After defendant defaulted on payments due on a mortgage and home equity loan she had with plaintiff, a foreclosure action was commenced and plaintiff purchased the property at a foreclosure sale for $160,000. Three months later, plaintiff moved to confirm the referee's report of sale and sought a deficiency judgment against defendant for the difference in what it paid for the property at the foreclosure sale and the amount owed by her on the loans, including costs, disbursements and counsel fees (see RPAPL 1371 [1], [2]). Initially, Supreme Court awarded plaintiff a warrant of eviction, but temporarily stayed its execution after defendant brought an order to show cause claiming that a tenant residing on the property wanted to purchase it. Later, Supreme Court conducted a hearing, at the conclusion of which it confirmed the referee's report of sale, determined the fair market value of the property at the time of the foreclosure sale to be $160,000 and awarded plaintiff a deficiency judgment in the amount of $39,635.19. The court also lifted the stay of the eviction warrant, but gave defendant an additional 30 days to vacate the premises. Defendant now appeals.

Defendant argues that Supreme Court, in determining the amount of the deficiency judgment, erred in the value it placed on the property when it was sold at foreclosure. In calculating the amount to be awarded in a deficiency judgment, the court must, among things, determine "the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction or such nearest earlier date as there shall have been any market value thereof" (RPAPL 1371 [2]; see Trustco Bank v Gardner, 274 AD2d 873, 873-874 [2000]). Here, to satisfy its burden to establish the fair market value of the property when it was sold at foreclosure, plaintiff submitted an appraisal prepared by a real estate broker that valued the property as of June 2008 at $145,000 to $150,000. The broker based her appraisal on an inspection of the exterior of the premises and a review of comparable sales of similar properties in the area.* She also took into account the decline that had occurred in the value of real estate in the housing market since the date of foreclosure. She conducted a second inspection of the prop-

---

* Defendant was residing on the property when the broker performed her first inspection and, as a result, the broker was not able to gain access to the interior of the premises.

erty shortly before the hearings primarily to assess the condition of the building's interior and again, taking into account the decline in the value that had occurred in the real estate market since foreclosure, placed its value at "a little less than" $130,000. This evidence—and other evidence presented by plaintiff at the hearing—when viewed against defendant's failure to present any convincing evidence as to the property's value, provided ample support for the court's decision that the property, when sold at foreclosure, was valued at $160,000 (see ARC Machining & Plating v Dimmick, 238 AD2d 849, 850 [1997]).

Finally, defendant argues that Supreme Court erred by not allowing her more time to reach a settlement with plaintiff regarding the disposition of this property. However, the court did adjourn these proceedings prior to ordering defendant's eviction from the premises to provide her with an opportunity to obtain financing so that she could purchase the property from plaintiff. Moreover, in granting the adjournment, the court admonished defendant that a further stay would depend upon whether she could "arriv[e] at a purchase price expeditiously to satisfy the indebtedness that's owed on the property." When the parties reappeared in court, defendant conceded that she had not been able to arrange for financing and the court, in our view, was left with no alternative but to lift the stay of the warrant of eviction.

To the extent not specifically addressed herein, defendant's remaining contentions have been considered and found to be without merit.

Spain, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.