■ FLUSHING SAVINGS BANK, FSB, Appellant, v PIERRE BITAR, Also Known as PIERRE M. BITAR, Respondent, et al., Defendants. [965 NYS2d 518]—

In an action to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated March 22, 2012, as denied that branch of its motion which was pursuant to RPAPL 1371 (2) for leave to enter a deficiency judgment against the defendant Pierre Bitar, also known as Pierre M. Bitar.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff mortgagee, upon obtaining a judgment of foreclosure, purchased the subject premises at the foreclosure sale and subsequently moved for leave to enter a deficiency judgment against the mortgagor. "RPAPL 1371 (2) permits the mortgagee in a mortgage foreclosure action to recover a deficiency judgment for the difference between the amount of indebtedness on the mortgage and either the auction price at the foreclosure sale or the fair market value of the property, whichever is higher" (BTC Mtge. Invs. Trust 1997-SI v Altamont

*Farms,* 284 AD2d 849, 849-850 [2001]; *see Columbus Realty Inv. Corp. v Gray,* 240 AD2d 529, 530 [1997]; *Marine Midland Bank v Harrigan Enters.,* 118 AD2d 1035, 1037 [1986]). "The mortgagee has the initial burden to make a prima facie showing of the fair market value of the property as of the foreclosure sale date" (*BTC Mtge. Invs. Trust 1997-SI v Altamont Farms,* 284 AD2d at 850), and whether the mortgagee meets that initial burden presents "a factual question for the court to resolve based on the entire record" (*Marine Midland Bank v Harrigan Enters.,* 118 AD2d at 1037).

Here, the plaintiff submitted only a four-paragraph affidavit of a licensed real estate appraiser setting forth his opinion as to the fair market value of the premises on the date of the foreclosure sale, and stating in conclusory fashion that his opinion was based upon his personal inspection of the subject premises, examination of the neighborhood, a review of sales and rentals of comparable properties, and general economic trends and expense data. However, the appraiser did not describe the subject premises or the results of his inspection and failed to append any of the evidence of comparable sales and market data upon which he relied in arriving at his opinion. Nor did the plaintiff submit an actual appraisal report. The Supreme Court was entitled to reject the opinion of the plaintiff's appraiser as without probative value in light of the lack of evidentiary foundation set forth in his affidavit (*see generally Diaz v New York Downtown Hosp.,* 99 NY2d 542, 544 [2002]; *BTC Mtge. Invs. Trust 1997-SI v Altamont Farms,* 284 AD2d at 850; *Adirondack Trust Co. v Farone,* 282 AD2d 910, 912-913 [2001]). Especially here, in light of the large discrepancy between the appraised value and the relatively low sale price at the foreclosure sale, the Supreme Court properly declined to accept the appraiser's opinion on its face without evidentiary support.

The plaintiff's remaining contentions are without merit.

Accordingly, in light of the plaintiff's failure to make a prima facie showing as to the value of the subject premises, the Supreme Court properly denied that branch of the plaintiff's motion which was pursuant to RPAPL 1371 (2) for leave to enter a deficiency judgment. Skelos, J.P., Angiolillo, Roman and Miller, JJ., concur.