Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered September 18, 2012, which, insofar as appealed from, granted plaintiff’s motion for an order confirming the Referee’s Report of Sale and directed entry of a deficiency judgment against defendants 15 West 17th Street, LLC, Joseph Sabbagh and Isaac Mishan, unanimously affirmed, with costs.
By submitting a detailed appraisal prepared by a certified appraiser pursuant to Executive Law § 160-a (5) (a), plaintiff met its burden of establishing, prima facie, the mortgaged premises’ fair market value as of the date of the foreclosure auction (see Trustco Bank v Gardner, 274 AD2d 873, 874 [3d Dept 2000]). Defendants’ assertions that the certified appraisal suffered from “deficiencies” in its square footage calculations and choice of *577 capitalization rate are unavailing, as those “claimed deficiencies” do not preclude its consideration. Rather, the assertions of error bear on the question of the weight the appraisal should be given (see Champlain Natl. Bank v Brignola, 249 AD2d 656, 657 [3d Dept 1998]).
In opposition, defendants’ submission of an affidavit from a real estate broker was insufficient to raise a triable issue of fact. Although a real estate broker’s affidavit may be properly received on the issue of market value (see Union Chelsea Natl. Bank v Rumican 190 Corp., 257 AD2d 463, 464 [1st Dept 1999], lv dismissed in part and denied in part 93 NY2d 989 [1999]), the three-page affidavit submitted by defendants conclusorily states the broker’s opinion as to the value of the mortgage premises, without any substantiation or analysis. An “estimate of value,” rather than a “full appraisal,” is insufficient to raise an issue of fact as to valuation (Trustco Bank, 274 AD2d at 874). To the extent the affidavit submitted by defendant Joseph Sabbagh addresses the issue of the premises’ valuation, it is similarly conclusory.
We have considered all other issues and find them to be without merit. Concur — Sweeny, J.P., Renwick, Feinman and Clark, JJ.