## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:   November 20, 2014            518098
_____

STONE MOUNTAIN PRIME LLC,
                    Appellant,

        v
                                            MEMORANDUM AND ORDER

UICC HOLDING LLC et al.,
                    Respondents,
                    et al.,
                    Defendants.

_____

Calendar Date:   October 14, 2014

Before:   Peters, P.J., Stein, Rose, Egan Jr. and Clark, JJ.

                    _____

        Menter, Rudin & Trivelpiece, PC, Syracuse (Teresa M. Bennett of counsel), for appellant.

        Fischer, Bessette, Muldowney & Hunter, LLP, Malone (Matthew H. McArdle of counsel), for UICC Holding LLC and others, respondents.

                    _____

Rose, J.

        Appeals (1) from an order of the Supreme Court (Demarest, J.), entered June 21, 2013 in Franklin County, upon a decision of the court in favor of certain defendants, and (2) from an amended order and amended judgment of said court, entered September 9, 2013 in Franklin County, which granted plaintiff's motion for, among other things, a deficiency judgment against certain defendants.

        Defendant UICC Holding LLC defaulted on a $4,000,000 loan from plaintiff secured by, among other things, two parcels of real property in the Town of Malone, Franklin County.  Plaintiff

obtained a judgment of foreclosure and, as the sole bidder, purchased the parcels at the foreclosure sale for $500,000. The parcels were improved with a six-story brick and masonry building that historically had been a hotel for many years until a fire in 1997, as well as an annex building that contained commercial and residential space. Both buildings were undergoing extensive renovations for combined use as a hotel at the time of the foreclosure. The referee computed the amount due on the mortgage as $5,207,462.96 and plaintiff moved, pursuant to RPAPL 1371 (2), for a deficiency judgment. UICC and various guarantors of the mortgage (hereinafter collectively referred to as defendants) opposed the motion and Supreme Court held an evidentiary hearing. Plaintiff's expert appraiser opined that the highest and best use of the property was as mixed residential and retail or office space and that, based on a sales comparison approach, the property was worth $600,000. On the other hand, defendants' expert appraiser concluded that the highest and best use of the property was as a hotel and, using an income capitalization approach, he valued the property at $4,900,000. Supreme Court issued an order accepting the opinion of defendants' expert and thereafter issued a judgment in plaintiff's favor of $307,462.96 plus interest. Plaintiff appeals.

We affirm. RPAPL 1371 (2) requires the court to determine "the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction" (RPAPL 1371 [2]; accord Trustco Bank v DeCaro, 80 AD3d 1094, 1095 [2011]; Trustco Bank v Gardner, 274 AD2d 873, 873 [2000]). In determining such a motion, "'the trial court enjoys broad discretion in that it can reject expert testimony and arrive at a determination of value that is either within the range of expert testimony or supported by other evidence and adequately explained by the court'" (BTC Mtge. Invs. Trust 1997-SI v Altamont Farms, 284 AD2d 849, 850 [2001], quoting ARC Machining & Plating v Dimmick, 238 AD2d 849, 850 [1997]).

Here, the evidence established that the main parcel had always been used as a hotel and, as such, was a landmark in the region. Although the hotel ceased operating in 1997 due to a fire, the building had undergone extensive renovation for future use as a hotel, including a new roof, debris removal, lead and

asbestos abatement and clearing of the floors and partitions. Accordingly, Supreme Court's determination to accept the conclusion of defendants' expert that the highest and best use of the property was as a hotel is amply supported by the record evidence. In contrast, plaintiff's expert offered no evidence to support his conclusion that the highest and best use of the property was as mixed residential and retail or office space, and only one of his comparable sales was a hotel – but it was used as part of an educational institution and was operated at a loss.

Having determined that the highest and best use of the property was as a hotel and given the apparent dearth of sales of similar properties, Supreme Court had a justifiable basis for accepting defendants' method of valuation. Although certain assumptions had to be made by defendants' appraiser in using the income capitalization method to determine the value of the property as a functioning hotel, those assumptions were based on the appraiser's research and evidence in the record, including evidence that the hotel restoration project had been awarded a grant of $2.2 million. Further, as explained by defendants' expert, the income capitalization approach to valuation was appropriate in this case despite the fact that the hotel was not yet operating because it reflected what a hypothetical investor would be willing to pay for the property as of the date of foreclosure. In light of the evidence supporting the testimony of defendants' expert, plaintiff's claim that it should have been rejected as lacking a reasonable basis merely reflects the conflicts in the expert evidence that we consider to be within Supreme Court's discretion to resolve (see Adirondack Trust Co. v Farone, 282 AD2d 910, 912-913 [2001], lv denied 96 NY2d 721 [2001]; Hudson City Sav. Inst. v Drazen, 153 AD2d 91, 92-93 [1990]).

Further, Supreme Court did not err in allowing defendants to use three recent appraisals of the property obtained at plaintiff's direction and while the property was under renovation, each of which also used the income capitalization approach, for the limited purpose of attacking plaintiff's expert's reliance on the sales method approach (see e.g. BTC Mtge. Invs. Trust 1997-SI v Altamont Farms, 284 AD2d at 851). In short, Supreme Court adequately explained its reasons for

accepting defendants' expert valuation of the property, and we are not persuaded to disturb the court's determination (see id.; Adirondack Trust Co. v Farone, 282 AD2d at 913; ARC Machining & Plating, Inc. v Dimmick, 238 AD2d at 851).

Peters, P.J., Stein, Egan Jr. and Clark, JJ., concur.

ORDERED that the order, amended order and amended judgment are affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court